60  385
83  364

## O. B. COWDEN, TRUSTEE, v. JASPER LOCKRIDGE.

1. **DEED OF TRUST.** *Insufficient description of property.*
   The words, " one bay mare," contained in a deed of trust, there being nothing else to identify the particular animal referred to, constitute an insufficient description, and render the instrument void as to a purchaser for value who has no other notice of the rights of the parties than that afforded by the record of the conveyance.

2. **REPLEVIN.** *Damages. Attorney's fee, when not allowed.*
   It is improper for the jury in an action of replevin to allow to the defendant an attorney's fee by way of damages, where the proof fails to show any wilful wrong, fraud, malice or oppression on the part of the plaintiff.

APPEAL from the Circuit Court of Itawamba County.

Hon. J. A. GREEN, Judge.

J. P. Harris executed a deed of trust to O. B. Cowden, as trustee, to secure a certain indebtedness to J. H. Stone. The property intended to be conveyed was described as, " one bay mare and colt, one yoke of oxen, with red heads and sides," etc. Subsequently to the execution of the deed of trust, Harris sold a bay mare to Jasper Lockridge; and the former, having failed to pay the indebtedness upon the maturity of the deed of trust, Cowden, the trustee, brought an action of re-

plevin against Lockridge, to recover the mare sold him by Harris.

On the trial, the plaintiff offered in evidence the deed of trust; but the defendant objected to its admission on the ground of the insufficiency of the description of the property therein mentioned, and the objection was sustained. The plaintiffs then proved by a witness that the animal in controversy was the only one of the kind that Harris owned at the time he executed the deed of trust. The defendant testified that he had been damaged to the extent of twenty-five dollars. The jury rendered a verdict for the defendant, and assessed his damage at twenty-five dollars.

*Blair & Clifton*, for the appellant.

The deed of trust is not void. The description mentions two facts, or circumstances, connected with the property, which serve to distinguish it from other property of the same kind, viz. : color and sex. Our Supreme Court, in the case of *Kelley* v. *Reid*, says " that the mortgage must mention some fact or circumstance connected with the property, which will serve to distinguish," etc. *Kelley* v. *Reid*, 57 Miss. 91. The court uses the singular number, " some fact or circumstance," — not many, but one, — if only that one serve to distinguish it from property of a like character.

The court erred in admitting proof of attorney's fees, as part of the damages sustained by the defendant. The measure of damages in replevin is the same as in trover, detinue, or trespass; and in neither action can attorney's fees be estimated in the bill for damages. For this error the court should reverse the judgment. *Whitfield* v. *Whitfield*, 40 Miss. 358; *Burrage* v. *Melson*, 48 Miss. 245; *Heard et al.* v. *James*, 40 Miss. 245; Code 1880, sect. 2619.

*W. L. Clayton*, for the appellee.

The deed of trust is void as to the mare, the only property contained in it now in controversy. In *Kelley* v. *Reid*, 57 Miss. 89, it is said, " the fact of ownership or locality of the property, or some other mark, which, when proved to exist,

would separate and distinguish it from other property, should have been mentioned in the mortgage." How much nearer a valid description would it have been, if, instead of fifty hogs, the deed in *Kelley* v. *Reid* had said fifty white hogs? It might have been one more step in the direction of a proper description, but would, nevertheless, in law, have fallen as far short as if nothing had been added to the description of the hogs.

*L. Brame*, on the same side.

1. The controversy is in relation to a bay mare. The description in the trust-deed is, "one bay mare and colt." "One four-horse iron axle wagon," is a void description. *Nicholson* v. *Karpe*, 58 Miss. 34. "One bay mare and colt about 5 years old," is an insufficient description. *Criddle* v. *Davis*, MS. October term, 1883.

2. It was proper for the court, in any view of the testimony, to allow the defendant to recover a reasonable attorney's fee. This was necessary to compensate the defendant. But, if it was necessary that some element of fraud, malice, or apprehension should be shown, the court will presume, in favor of the judgment, that this was shown.

*L. Brame*, also argued the case orally.

CHALMERS, J., delivered the opinion of the court.

The words, "one bay mare," contained in a trust-deed, there being nothing else to identify the particular animal referred to, constitute an insufficient description, and render the instrument void as to a purchaser for value, who has no other notice of the rights of the parties than that afforded by the record of the conveyance. *Nicholson* v. *Karpe*, 58 Miss. 36 ; *Kelley* v. *Reid*, 57 Miss. 89.

The allowance of attorney's fees, by way of damages to the defendant, was improper. Such an allowance in replevin can only be made under circumstances which would warrant the imposition of punitory or exemplary damages, and even then is denied in some of the States. Nothing like wilful wrong,

fraud, malice, or oppression having been shown here, the allowance was erroneous. Wells on Replev., sects. 576, 577.

Reversed, with leave to have affirmance on entry of *remittitur*.