## A. M. TAYLOR *v.* WILLIAM MORTON.

1. REPLEVIN. *Measure of damages.*
   If the claim of title by the defendant in replevin is *bona fide*, and there is no evidence from which the jury can infer fraud, malice, oppression, or willful wrong, the measure of damages, in the event of the plaintiff's recovery, is the value of the property and interest.

2. SAME. *Loss of time. Attorney's fee.*
   In such case the plaintiff is not entitled to recover either the value of the time lost by him in prosecuting his claim, or his attorney's fee.

APPEAL from the Circuit Court of Yazoo County.

HON. T. J. WHARTON, Judge.

In this action of replevin by the appellee against the appellant, the verdict was, " We, the jury, find for the plaintiff, that he is entitled to the immediate possession of the mule in controversy, or its value, which we assess at fifty dollars ; also five dollars interest on same at six per cent. from the time of taking ; also twelve dollars damages for time lost by plaintiff in prosecuting his suit ; also ten dollars punitive damages for attorney's fee in the case," and there was a judgment accordingly against the defendant and the surety on his bond given to replevy the property. A motion for a new trial upon the grounds that the court gave the third and fourth charges for the plaintiff, and that the verdict was contrary to law and the evidence, was overruled, and the facts were embodied in a bill of exceptions.

The objectionable charges, marked, given, and signed by the clerk, are as follows : " 3. The court instructs the jury that if they believe from the evidence that William Morton paid fifty dollars for the mule, and that it was so accepted by A. M. Taylor, he is entitled to the possession of the same and to the value of his time lost in attending court." " 4. The court instructs the jury that if they believe from the evidence that the taking or keeping of the mule was attended by circumstances of fraud, wrong, or oppression, they can allow the plaintiff his attorney's fee."

The only issue of fact shown by the evidence was whether the fifty dollars paid by William Morton was for the purchase-money of this mule or the hire of this and another of A. M. Taylor's mules for a prior year. The appellant swore that it was hire and the appellee that it was purchase-money, and each was supported by circumstances proved by other witnesses. Testimony as to the value of the time lost and the attorney's fee was the only other evidence ; and it was objected to by the defendant, and a special exception was reserved by him to its admission.

*J. E. Everett,* for the appellant.

The value of the mule and interest is all that the plaintiff is entitled to recover. Replevin is like an action of assumpsit, unless fraud, malice, or willful wrong is proved. *Whitfield* v. *Whitfield,* 40 Miss. 352. Loss of time is no element of the damage. *Briscoe* v. *McElween,* 43 Miss. 556 ; *Jamison* v. *Moon,* 43 Miss. 598. Nothing in the replevin statute alters the rule. In our State there is no adjudication, but the question has been decided elsewhere. *Oelrichs* v. *Spain,* 15 Wall. 211 ; *Flanders* v. *Tweed,* 15 Wall. 450. Fees of counsel are not recoverable where the defense is made in good faith, although the defendant is mistaken in his view of the matter at issue.

*Robert Bowman,* on the same side.

The testimony as to time lost in attending court was incompetent. In the case of *Whitfield* v. *Whitfield,* 40 Miss. 352, for personal property, it was held that where no question of fraud, malice, or willful wrong in the taking or detention intervenes, the measure of damages is the value of the property at the time of the taking or illegal detention with interest thereon to the time of the trial ; and that this is a question for the court. The same rule has been announced in an action of replevin. *Heard* v. *James,* 49 Miss. 236. The measure of damages for the detention of the property is usually interest on its value. Morris on Replevin 267 ; Sedgwick on the Measure of Damages 502, 586. It was error to charge the jury to give exemplary damages. *New Orleans Railroad Co.* v. *Burke,* 53 Miss. 200. Evidence of the cost and expenses of suit is not admissible in aggravation of punitive damages. *Howell* v.

---

---

*Scroggins,* 48 Cal. 355; *Earl* v. *Tupper,* 45 Vt. 275. When in the opinion of the court the evidence is insufficient to show that a trespass is malicious, it should instruct the jury that exemplary damages cannot be recovered. Sedgwick on the Measure of Damages 453, 465. Attorneys' fees are not allowable either as a special damage or as a component of exemplary damages. Sedgwick on the Measure of Damages 95, 173, 175, and notes. In the case of *The Nuestra Senora de Regla,* 17 Wall. 29, counsel fees were disallowed as unwarranted. So in the case of *Fairbanks* v. *Witter,* 18 Wis. 287, where the court said that fees of counsel could no more be allowed in actions where punitory damages were recoverable than in others. To the same effect are the cases of *Young* v. *Courtney,* 13 La. Ann. 193; *Henry* v. *Davis,* 123 Mass. 345; *Kelly* v. *Rogers,* 21 Minn. 146; *Earl* v. *Tupper,* 45 Vt. 275, and *Flanders* v. *Tweed,* 15 Wall. 450. In the last case a large amount of cotton was unlawfully seized by Flanders belonging to Tweed, the recovery of which was attended by heavy expense in litigation, including six thousand dollars attorneys' fees, which were allowed to the plaintiff in the court below. The case was reversed by the Supreme Court of the United States on this ground alone.

*Roach & Regan,* for the appellee.

The testimony as to the time lost by the plaintiff in attending court was properly admitted. If this shall not be computed as part of the damages, what meaning can be attached to Code 1880, § 2622; Code 1871, § 1533, which provides for other damages than the value of the property and interest? No damage is sustained in most cases of replevin except attorneys' fees and loss of time. Equitably the wrongdoer should make full reparation of the injuries inflicted, and this is the spirit of the statute. The case of *Whitfield* v. *Whitfield,* 40 Miss. 352, touches the question of value alone, and the case of *Heard* v. *James,* 49 Miss. 236, was confined to the same subject. The action in *Jamison* v. *Moon,* 43 Miss. 598, was *ex contractu,* and the case of *Briscoe* v. *McElween,* 43 Miss. 556, was one of exemplary damages. No loss of time was proved in the last case. There is no adjudication in our courts upon the question now presented. Shall the words of the statute

have a meaning, or shall they be treated as supererogatory? Undoubtedly the plaintiff was damaged by the defense forcing him to attend court. But the verdict gives the attorney's fee, which the jury were charged to allow only in a state of case which authorized punitive damages. The verdict is to the effect that there was fraud, malice, wrong. In such case the plaintiff's loss of time was certainly a proper element of damages.

COOPER, J., delivered the opinion of the court.

By the third instruction the jury were told in effect, that if William Morton, the plaintiff, was entitled to recover the possession of the mule in controversy, he was also entitled to recover for the value of his time lost in prosecuting his claim. This was error. *Cowden* v. *Lockridge,* 60 Miss. 385. By the fourth instruction the jury were charged that if they believed from the evidence the taking or detention of the mule was attended by circumstances of fraud, wrong, or oppression they could allow the plaintiff his attorney's fee. Since every violation of a legal right is a legal wrong, it would follow from the announcement of this proposition that exemplary damages might be allowed in all cases in which a recovery is had by the plaintiff. There must be more than a mere wrong, it must be a willful wrong, something akin to fraud, oppression, or malice. *Whitfield* v. *Whitfield,* 40 Miss. 352; *Chicago Railroad Co.* v. *Scurr,* 59 Miss. 456. We fail to discover any testimony from which the jury might have fairly inferred any willful wrong on the part of the defendant. To us it seems there was a *bona fide* claim of title both by the plaintiff and the defendant, and in such cases the value of the property, with interest thereon, is the measure of damages.

*Judgment reversed.*