THORNTON *v.* GARDNER.

[99 So. 131. No. 23783.]

(Division B. Feb. 25, 1924.)

</div>

1. LANDLORD AND TENANT. *Statute for recovery by owner of agricultural products of double the value applicable only where property sold under attachment and seizure, and not where replevied by tenant.*

   Section 2855, Code 1906 (section 2353, Hemingway's Code), provides for a recovery by the owner of agricultural products of double the value of the property only where the property has been sold under the attachment and seizure.

2. LANDLORD AND TENANT. *Proceedings in attachment of agricultural products for rent becomes a suit for the first time when tenant replevies property.*

   When the property thus seized has been replevied by the tenant, the proceeding then for the first time becomes a suit.

3. LANDLORD AND TENANT. *Measure of damages in replevin by tenant in landlord's proceeding to attach agricultural products for rent is same as in other replevin suits.*

   The measure of damages in a case of this kind is the same as that in any other replevin suit.

4. REPLEVIN. *Plaintiff cannot recover attorney's fees or for loss of time or expense in attending court in absence of evidence of fraud.*

   Where there is no evidence from which the jury might infer fraud, malice, oppression, or willful wrong, no attorney's fee is recoverable; neither is plaintiff entitled to recover for loss of time or expense in attending court.

5. REPLEVIN. *Plaintiff who has not been deprived of use of property for appreciable length of time can recover only nominal damages.*

Where plaintiff has not been deprived of the use of his property for any appreciable length of time, then he can only recover nominal damages.

APPEAL from circuit court of Humphreys county.

HON. S. F. DAVIS, Judge.

Proceedings by J. C. Thornton against S. W. Gardner, for attachment of agricultural products for rent, in which Gardner replevied the crops and filed his declaration in replevin. Judgment for Gardner, and Thornton appeals. Reversed and judgment rendered.

*H. F. Jones,* for appellant.

The court admitted evidence, over the objection of attorney for the defendant, of damages, taking into consideration attorney's fees, although there was no evidence whatever disclosing fraud, malice, oppression, or wilful wrong on the part of defendant in suing out the attachment for rent. There was no contention for exemplary damages, nor any contention that any of the elements allowing such damages existed. It will be seen that the verdict of the jury not only embraced attorney's fees, which was error, but also loss of time thirty dollars, and attending court, twenty dollars. Every element of damages assessed against the defendant here by the jury, and in the judgment of the court, was error.

The following authorities hold, and none may be found to the contrary, that attorney's fees are not allowable as damages in replevin. *Cowden* v. *Lockridge,* 60 Miss. 385; *Carraway* v. *Wallace,* 17 So. 930.

The court also held in *Taylor* v. *Morton,* 61 Miss. 24, that where there was no evidence from which the jury could infer fraud, malice, oppression or wilful wrong,

plaintiff was not entitled to recover the value of time lost by him in prosecuting the claim or his attorney's fee.

After the jury returned the verdict, the court proceeded to render a judgment thereon, and appellant submits that section 2363, Hemingway's Code or 2865, Code of 1906, affords no authority for the judgment rendered against the defendant and his bond. All the proceedings in such cases are purely statutory, and the statute must be strictly complied with, and in the case here this was not done. Appellant submits that the case should be reversed and remanded.

*Mortimer & Sykes* and *J. D. Jones,* for appellee.

By reference to Section 2363 of Hemingway's Code, it will be noted that where the jury finds that the attachment was wrongfully sued out, the tenant shall recover as damages, double the value of the property seized.

The only evidence of the value of the property was the return of the sheriff, which shows that he seized nine tons of hay, worth thirty dollars a ton, making a total of two hundred seventy dollars. Therefore, the tenant was entitled to recover as damages the sum of five hundred forty dollars. But in the instant case, the tenant had replevied the property, therefore he already held the value of the property, and this possession was left with him by the jury. Therefore, he could not recover double the value of the property inasmuch as he had the property, but his recovery as to damages would be limited to the value of the property. He was, therefore, entitled to recover as damages two hundred seventy dollars. The jury allowed him as damages one hundred fifty dollars, therefore he recovered one hundred twenty dollars less than he was entitled to under the statute. Appellant has no cause to complain at the amount of damages assessed against him in this cause.

Appellee testified as to his actual damages in attending court, loss of time, etc., and further stated that he had

expended the sum of one hundred dollars as an attorney's fee, all of which was the direct and proximate result of the wrongful suing out of the attachment by appellant.

As stated the jury gave him one hundred twenty dollars less than he was entitled to under the statute. If the other items of damage plus the attorney's fee had exceeded the sum of two hundred seventy dollars, then appellant might have had a right to complain, though we do not concede it.

We submit that he has not been prejudiced by the instructions or the verdict or judgment in this cause, and that, so far as he is concerned, substantial justice has been done, and in this connection we cite Rule 11 of this court.

*H. F. Jones,* for appellant in reply.

Appellant submits that Hemingway's Code, section 2353, makes no provision for double damages unless in case of distress or seizure, a sale be made. It is necessary that the tenant should have suffered a loss of the property. It must have been sold, and passed from the tenant's power to recover the specific property. It is idle to take the position that the tenant should recover the property, and in addition to this also recover its value. He would have his tenant eat his cake and have it in addition.

When the tenant replevies the property, it is for the first time a cause of action pending in a court, and is an action in replevin, and it thereupon becomes in all respects an action in replevin, and damages, if any, are in all respects the same as damages allowed in actions in replevin. The statutes of our state detail the remedy of the tenant, and no provision was made for such damages as were allowed by the circuit court by his instructions under any section of the statutes.

SYKES, P. J., delivered the opinion of the court.

The cause of this suit was the issuance of an attachment for rent by the appellant, Thornton, against his alleged tenant, Gardner (appellee), under section 2842, Code of 1906 (section 2340, Hemingway's Code), and which relates to an attachment for rent and supplies. The alleged tenant, Gardner, replevied the hay in accordance with section 2856, Code of 1906 (section 2354, Hemingway's Code), giving the proper bond as provided by section 2857, Code of 1906 (section 2355, Hemingway's Code). Complying with section 2859, Code of 1906 (section 2357, Hemingway's Code), Gardner filed his declaration in replevin. Whereupon issues were duly made up in accordance with the provisions of the Code and a verdict was returned by the jury in favor of the plaintiff in replevin, Gardner, and against the appellant, Thornton, and the sureties on his attachment bond, for the sum of one hundred fifty dollars as damages. Judgmen was entered in accordance with the verdict of the jury. From which judgment the case is here appealed.

The verdict of the jury reads as follows: "We, the jury, find for the plaintiff that he retain the property attached, to-wit: two hundred and thirteen bales of hay and about two and one-half tons of loose hay. To fifteen days loss of time thirty dollars; to fifteen days expense attending court twenty dollars; to attorney's fees one hundred dollars; total one hundred fifty dollars."

This verdict of the jury was in response to an instruction given plaintiff to the effect that plaintiff was entitled to recover these damages if the jury believed his testimony.

This appeal challenges the right of plaintiff to recover except nominal damages in this case. Neither by the proof nor by the instructions of the court was the plaintiff entitled to recover anything except actual damages.

It is the contention of the appellee that by virtue of section 2855, Code of 1906 (section 2353, Hemingway's Code), since the hay was worth at least two hundred seventy dollars, then plaintiff was entitled to recover as actual damages under this section an amount equal to the value of the hay, and that though the items of damage recovered were incorrect, since the total amount is less than the damages provided for in this section, the appellant cannot complain.

This section reads as follows: "If any distress or seizure and sale be made under color of law for rent or supplies pretended to be due and in arrear, where, in truth, no rent or sum for supplies is due or owing to the party causing the distress or seizure to be made, then the owner of the agricultural products or other property so taken and sold, his executor or administrator, shall have remedy by action against the person in whose name or right such property was taken, his executor or administrator, and shall recover double the value of the property, with costs, or may put the bond of the plaintiff in suit to recover damages for the wrongful suing out of the writ, and shall recover therein double the value of the property, if the penalty of the bond amount to so much."

It will be noted from a careful reading of the section that the double damages herein provided are only recoverable when the property so taken has been sold under the attachment proceedings. The property here was not sold, but was immediately replevied by the appellee. Consequently he is not entitled to recover the damages mentioned in this statute.

In this proceeding when the hay was replevied by the appellee, it then for the first time became a suit. *Barlow* v. *Serio,* 129 Miss. 432, 91 So. 573.

The measure of damages in this case then becomes the same as in any other replevin suit.

Where there is no evidence from which the jury might infer fraud, malice, oppression, or willful wrong, then no attorney's fee is recoverable. *Cowden* v. *Lockridge,* 60 Miss. 385; *Carraway* v. *Wallace* (Miss.), 17 So. 930; *Taylor* v. *Morton,* 61 Miss. 24.

. The measure of damages in a case of this kind, where a plaintiff has sustained no damages because of the deprivation of the use of his property, would be the interest on the value of the property during the time he was deprived of its possession. Plaintiff is not entitled to recover either the loss of time or the expense in attending court. This question is also decided in the case of *Taylor* v. *Morton, supra,* wherein the court held that it was error to instruct the jury that plaintiff in a replevin suit was entitled to recover for the value of his lost time in prosecuting his claim.

The plaintiff in this case is only entitled to recover nominal damages, which we will place at the sum of one dollar that is in addition, of course, to the adjudication of his right to retain his property.

The judgment of the lower court is also erroneous in going against the sureties on the attachment bond. The proper judgment to be entered in this case was in accordance with section 2865, Code of 1906 (section 2363, Hemingway's Code). This judgment is alone against the principal with the right to an issuance of a *scire facias* to the sureties as therein provided.

The judgment of the lower court is reversed, and a proper judgment in favor of the appellee will be entered here in accordance with this information.

*Reversed and judgment here.*