MARS *v*. GERMANY *et al.**

(Division A.  April 14, 1924.  Suggestion of Error Overruled in Part
and Sustained in Part May 19, 1924.)

[100 So. 23.  No. 24076.]

1. REPLEVIN.  *Defendant not entitled to attorney's fees and expenses
in absence of showing of willfulness, malice or fraud.*

Defendant in replevin cannot recover attorney's fees and expenses in attending trial in the absence of a showing of willfulness, malice, or fraud.

2. APPEAL AND ERROR. *Consideration of points first made on suggestion of error optional with court.*

Generally, the supreme court will not consider new points made on suggestion of error, but it is optional with the court as to whether it will consider such points.

*Headnote 1. Replevin, 34 Cyc., p. 1566; 2. Appeal & Error, 4 C. J., section 2531.

APPEAL from circuit court of Neshoba county.

. HON. F. E. LEACH, Special Judge.

Action between W. H. Mars and Bill Germany and others. From the judgment rendered, the former appeals. Affirmed, as reduced, on suggestion of error.

*Cassidy & Potter* and *Richardson & Pearce,* for appellee, on suggestion of error.

In the case at bar the only damages recovered were attorney's fees in a replevin suit to recover property seized under an attachment for rent. In *Thornton* v. *Gardner,* 99 So. 131, it was expressly held that except in cases provided for by section 2855, Code of 1906, section 2353, Hemingway's Code, no damages whatever are recoverable.

In other words the only damages recoverable in a case of this kind are the double damages provided for by the statute. Germany, the appellee, was the plaintiff in the case and did not ask for the statutory damages in his declaration, nor was the question submitted to the jury as to the good faith of Mars in bringing the suit.

In the absence of a case wherein double damages may be recovered, attorneys' fees cannot be recovered in a suit of this nature. This has been expressly held in the recent case of *Thornton* v. *Gardner.*

"Where there is no evidence from which the jury might infer fraud, malice, oppression, or willful wrong, then no attorney's fee is recoverable." *Cowden* v. *Lockridge,* 60 Miss. 385; *Carraway* v. *Wallace* (Miss.), 17 So. 930; *Taylor* v. *Morton,* 61 Miss. 24."

The case should be reversed to the extent of the damages awarded which were attorney's fees, and the appellee should be allowed only nominal damages as in the Thornton case.

HOLDEN, J., delivered the opinion of the court.

ON SUGGESTION OF ERROR.

This case was recently affirmed without an opinion by this division. The suggestion of error now before us presents a new point which was not made by the appellant on the main presentation, and that is that the recovery of one hundred and twenty-five dollars by the appellees as attorney's fees and expenses in attending the trial was wrongfully allowed by the lower court because the defendant in the replevin suit cannot recover this character of damages, unless willfulness, malice, or fraud is shown.

The case of *Thornton* v. *Gardner,* 99 So. 131, recently decided by Division B of this court, expressly sustains the point made by the appellant on this suggestion of error. The two cases are practically identical, and we shall follow that decision and affirm the lower court in the case before us in all respects, except that the recovery of one hundred twenty-five dollars as damages for attorney's fees and attendance at court must be annulled, and nominal damages in the sum of one dollar only will be allowed the appellee.

It is true, the general rule is that we do not consider new points made first on suggestion of error; however, it is optional with the court as to whether it will consider a point first made by suggestion of error, and in the in-

stant case we think the complaint of appellant is so pregnant with merit that we have decided to sustain it.

Therefore the judgment of the lower court is affirmed, and the amount of damages allowed appellee is reduced to the sum of one dollar.

*Overruled in part, and sustained in part.*