# Smith Chevrolet Co. *v.* Finch.*

(Division B. May 21, 1928.)

[117 So. 258. No. 27181.]

*Corpus Juris-Cyc. References: Malicious Prosecution, 38CJ, p. 446, n. 33; p. 447, n. 51; p. 448, n. 54; p. 449, n. 61; p. 516, n. 84; p. 517, n. 85; As to right to recover counsel fees as an element of damages in actions for malicious prosecution, see 18 R. C. L. 71; 6 R. C. L. Supp. 1052.

*O. F. Moss,* for appellant.

*Ford, White, Graham & Gautier,* for appellee.

ANDERSON, J. Appellant brought this action of replevin in the circuit court of Jackson county, against appellee, to recover possession of an automobile, bought by the latter from the former. After the issuance and service of the writ of replevin, appellant filed its declaration, as required by statute. Appellee demurred to the declaration, which demurrer was by the court sustained, and appellant given leave to file an amended declaration, which was later filed. Thereafter, in vacation, appellant took a nonsuit, and paid the costs of the cause. Before this was done, however, appellee had filed a claim for damages on the ground that the writ of replevin had been wrongfully sued out. At the February, 1928, term of court, the issue of damages was tried, resulting in a verdict and judgment for appellee in the sum of three hundred seventeen dollars; from that judgment appellant prosecutes this appeal.

There was ample evidence tending to show that the suing out of the writ of replevin by appellant was a willful wrong on its part—an act of fraud, malice, or oppression. There was no evidence whatever to show probable grounds for replevin. In such a case, the defendant is entitled to have submitted to the jury the question of whether he shall recover, as punitive damages, attorney's fees, loss of time, and expenses of attending court. *Mars* v. *Germany,* 135 Miss. 387, 100 So. 23; *Thornton* v. *Gardner,* 134 Miss. 485, 99 So. 131; *Cowden* v. *Lockridge,* 60 Miss. 385; *Taylor* v. *Morton,* 61 Miss. 24. The act of the court in submitting that question to the jury is complained of by appellant. Under the authorities cited, the complaint is without merit.

The action of the court in granting all of the instructions given appellee is assigned and argued as error. One of the instructions given the jury is in this language:

"The jury are instructed that defendant, Louis Finch, is entitled to recover in this cause such damages as were sustained by him proximately and directly following, or resulting from the wrongful seizure of the car herein, and the jury should return a verdict in such sum as will fully compensate him for loss of time, if any, expense, if any, trouble and damages, if any, attorneys' fees, if any, loss of business earnings, if any, and any other expenses or damages proximately resulting from the wrongful seizure of the car in this case, and shown by the evidence."

It will be noted that, by the instruction, the court told the jury that they were authorized, in fixing appellee's damages, to take into consideration, among other things, the trouble, if any, appellee was put to as the result of the replevin. This was error. Appellee was not entitled to recover damages for trouble. As an element of damages, *trouble* is too vague, indefinite, and undefinable. The instruction informed the jury that they were authorized to take into consideration, as an element of damages, appellee's "loss of business earnings, if any." This also rendered the instruction erroneous. There was no evidence upon which to base it. There was nothing definite in the evidence to the effect that the suing out and execution of the writ of replevin resulted in any business loss to the appellee.

The criticism of the other instructions given for appellee, we think, is without merit—in fact, not of sufficient merit to call for a discussion by the court. Nor do we find sufficient merit to require a discussion by the court of appellant's assignments of error based upon the action of the court in refusing the instructions requested by appellant, and refused by the court.

The evidence tended to show that appellee suffered damages, as the result of the wrongful replevin, in the way of attorney's fees, loss of time, and expenses in attending court, in the sum of two hundred sixty-seven dol-

lars. But the jury awarded appellee damages in the sum of three hundred seventeen dollars, although the court had refused appellee an instruction that, if the suing out an execution of the writ of replevin was caused by fraud, oppression, or wantonness on the part of the appellant, the jury could award punitive damages generally. So it seems that the jury, in following the instruction above, held to be erroneous, may have awarded the difference between two hundred sixty-seven dollars and three hundred seventeen dollars as damages for the trouble that appellee was put to, or loss of business earnings, or both, as the result of the wrongful issuance and execution of the writ of replevin. The giving of that instruction, therefore, requires a reversal of the judgment.

*Reversed and remanded.*