AMERICAN NAT. BANK & TRUST CO. *v*. BYRD.

(In Banc. Sept. 22, 1941. Suggestion of Error Overruled Oct. 13, 1941.)

[3 So. (2d) 850. No. 34666.]

David Cottrell, Jr., of Gulfport, for appellant.

460

**T. J. White** and **G. H. Hewes,** both of Gulfport, for appellee.

466

David Cottrell, Jr., of Gulfport, for appellant, in reply.

Argued orally by **David Cottrell, Jr.**, for appellant, and by **T. J. White**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

The evidence was sufficient to establish these facts: That appellant made no objection to the manner of making the first five monthly payments nor the delay in making them. It thereby ratified that course of dealing. For that reason, the appellant had no right to declare the entire indebtedness due and demand payment therefor on account of the delay in making the sixth monthly payment without having previously notified appellee it would

demand that payment on time. That was not done according to the evidence for appellee. In fact, there was little, if any, substantial conflict in the evidence as to those facts. With that sort of a case appellant showed a reckless disregard of appellee's rights in undertaking to declare the whole indebtedness due and payable, and bringing replevin.

However, the verdict of the jury in appellee's favor for $500 damages ought not to stand under the evidence. It was all punitive. That was too much punishment in a case where there was less than $300 involved.

If appellee will enter a remittitur for $350 the judgment will be affirmed. Otherwise, it will be reversed and remanded to be tried alone on the question of damages.

Affirmed with remittitur.

DISSENTING OPINION.

**Griffith, J.,** delivered a partially dissenting opinion.

While I concur in the conclusion that the peremptory charge requested by the appellant bank was properly refused, I dissent from the allowance of any punitive damages. The facts do not justify any such an award. Appellant is condemned as having acted wilfully and oppressively when the record critically examined does not support that conclusion. And a striking feature which cannot escape attention is that appellant is condemned for acting on the advice of its attorney when one member of this Court now holds and maintains his opinion in a dissent, that the advice of the attorney was correct. Can it be that we are embarking upon such a sea of uncertainty that a client to be protected must see to it that he gets the advice of a lawyer better able to judge of legal rights than any one of the judges of this Court? As a practical matter this may be done, but there is no such thing as that any lawyer may be found who possesses such powers of prevision that in every case, whatever the case may be,

he can foretell with perfect accuracy what the decision of the majority of this Court, or any other court, will be. If this were possible, there would no longer be any occasion for cases in court—they would be disposed of in the offices of lawyers and would never reach a court. A plaintiff in replevin ought not be required to respond in punitive damages when he is without malice and in instituting his suit he acts upon the mature advice of an experienced and reputable lawyer, as in this case, and when there is no substantial evidence that the advice was not given upon a full disclosure of the material facts and in sincere belief in the validity thereof, and more especially as in this case when one of the judges of the state's highest court says that the advice upon the facts was correct. Here is simply an opening wedge to allow it to be said that if on a finished record the majority of the Court decides that the replevin suit ought not to have been brought, then the plaintiff therein is liable as for a wilful tort, a proposition which in effect this Court has rejected over and over. See Ellzey v. Frederic (Miss.), 3 So. (2d) 849, this day decided.

**Alexander, J.,** joins in the above.

**Smith, C. J.,** delivered a dissenting opinion.

As I understand the evidence, the appellee was in default in her payments on the automobile when the action was begun; consequently, in my opinion, the appellant's request for a directed verdict should have been granted.

If I am mistaken in this and the appellee is entitled to recover the automobile, she should not be awarded punitive damages, for the appellant did not bring the action in wilful disregard of the appellee's rights. All that happened was that its attorney was mistaken in thinking that the appellee was in default in her payments, and, therefore, the action would lie.