ELLZEY v. FREDERIC.

(In Banc. Sept. 22, 1941. Suggestion of Error Overruled Oct. 13, 1941.)

[3 So. (2d) 849. No. 34541.]

Albert **Sidney Johnston, Jr.**, of Biloxi, for appellant.

636

Ford & Ford, of Pascagoula, for appellee.

Argued orally by **Albert Sidney Johnston, Jr.**, for appellant.

**Alexander, J.**, delivered the opinion of the court.

This is a replevin suit in which appellant, as plaintiff, sought to recover possession of two electric refrigerators which had been purchased by the defendant, Frederic, at an execution sale. This sale was made under a judgment against one J. J. Kersenac, who operated a place of business known both as ''Kersenac's Place'' and as ''Snug Harbor.''

The declaration alleged and the evidence disclosed that the property was sold to Kersenac by plaintiff under contracts of conditional sale with the title retained by Ellzey.

The contracts were not recorded. Recovery is sought by virtue of the retained title; it is resisted by defendant upon the ground that Kersenac was conducting business as a trader, and that this property was "used or acquired in such business" under our Business Sign Statute, Code 1930, Sec. 3352, and is, therefore, subject to his debts and is "in all respects treated in favor of his creditors as his property."

From the meager testimony as to the character of the business, it is gathered that Kersenac conducted a gasoline filling station, sold soft drinks, beer, and cigarettes, and operated a bar and a dance hall in connection therewith. Kersenac testified that he used the refrigerators in his business.

One who carries on the business of a gasoline filling station is a trader within the meaning of Section 3352. Louisiana Oil Co. v. Robbins, 169 Miss. 39, 152 So. 846. See also B. F. Goodrich Rubber Co. v. Breland, 170 Miss. 117, 154 So. 303. This section subordinated in favor of creditors of a trader the rights of a conditional vendor under an unrecorded contract retaining title. See Paine v. Hall Safe & Lock Co., 64 Miss. 175, 1 So. 56, and numerous later authorities. Under the evidence the integration of the several services and activities into the business known as "Kersenac's Place" subjects property used or acquired therein to liability to creditors under the Business Sign Statute. Quin v. Myles, 59 Miss. 375; Fitz-Gerald v. American Mfg. Co., 114 Miss. 580, 75 So. 440. The peremptory instruction given for the defendant was proper.

With the defendant's plea of the general issue he gave notice of certain consequential damages which he expected to prove upon the hearing of the replevin action. Such alleged damages were "$75 as attorney's fees, and $125 actual damages for expenses incurred in attending Court and defending this suit, and punitive damages." None of such damages are recoverable unless the action by plaintiff was characterized by wilfulness, malice, or

fraud. Mars v. Germany, 135 Miss. 387, 100 So. 23. The proceedings in replevin were filed by plaintiff's attorney in the exercise of his own discretion. No inference of malice arises from the mere circumstance that a plaintiff, employing the process of a court in a civil action, ultimately loses his suit. No malice or oppression was sought to be shown otherwise. Plaintiff requested, and was refused, the following instruction: "The court instructs the jury for the plaintiff that if you find for the defendant in this cause, you shall only award him nominal damages of $1." All other instructions on the question of damages asked by plaintiff and refused, concluded with the same language. Plaintiff was entitled at least to the instruction as written. Whether he was entitled to more is not presented and, therefore, not decided. The judgment will be affirmed as to appellee's right to retain the property, but reversed as to the amount of damages, and the award to appellee is reduced to the sum of one dollar.

Affirmed in part, and reversed in part.