PORT DISTRIBUTING CORPORATION *v.* MITCHELL, d. b. a.
MITCHELL FLOOR COVERINGS

No. 42747      October 28, 1963      157 So. 2d 51

*Ebb J. Ford, Jr.,* Gulfport, for appellant.

*Tate Thigpen,* Picayune, for appellee.

BRADY, J.

This is an appeal from a judgment of the Circuit Court of Pearl River County, where the Port Distributing Corporation, plaintiff and counterdefendant below, appellant here, a nonresident corporation domiciled in New Orleans, Louisiana, brought suit on an open account against J. E. Mitchell, d/b/a Mitchell Floor Coverings, defendant and counterclaimant below, appellee here.

The declaration located the residence of this defendant as Route 3, Box 314, Picayune, Mississippi. Appellant's attorney is likewise a nonresident of said county.

Appellant sets forth numerous assignments of errors, all of which we have considered, but which we do not feel merit discussion by this Court for the reason that the assignments upon which our decision is based eliminate the necessity for considering the other assignments set forth in appellant's brief.

Suit in the lower court was instituted on November 16, 1961, but the original summons of the defendant was never served. An alias summons was issued on March 22 and was served on March 30, 1962. The cause below was not triable in the November 1961 term of court, and since the summons was not served until March 30, the next to last day of the March 1962 term of court, the cause was not triable at that term. The summons was made returnable to the April 1962 term and the writ thereon was actually filed on April 2, 1962, which was the first Monday of the month. The April term of court convened on April 9, and on April 11, attorney for appellant wrote the clerk of Pearl River County advising him that the case was in default and enclosed a default judgment, requesting him to enter it. On April 12, the clerk advised that the attorney for

appellee had been granted time on Monday morning, April 9, to plead, and he returned the default judgment.

Except for the granting of thirty days to the appellee in which to plead, it appears that attorney for appellant was actually entitled to a default judgment since more than five days' service had been obtained upon appellee and no answer had been filed. The record discloses that the motion for time in which to plead was made orally on April 9, but the order granting this time was dated and filed on April 26. It is apparent, therefore, that this case was not triable at the April 1962 term of court. The thirty-day period of time granted either on April 9 or April 26 expired on May 26.

On May 20, attorney for appellee prepared a motion for security of costs, however, it was not filed until May 28. Though the record is not absolutely clear, this seems to be the true date on which the motion and affidavit for security of costs were filed. Therefore, the thirty-day period of time in which defendant was allowed to plead had expired.

On May 28, 1962, appellee also filed an answer and counterclaim denying the allegations of appellant's declaration, and charging in the counterclaim that (1) appellant had sued appellee without probable cause; (2) appellant knew appellee had purchased nothing from it; (3) appellant was motivated by malicious intent to vex and trouble the counterclaimant and to damage his reputation and credit standing in Picayune; and (4) that the appellee had been forced to spend the sum of $300 for attorney's fees in defense of his credit and reputation which had been damaged in the sum of $2500, all the direct and proximate result of the wilful and malicious action on the part of appellant in prosecuting the suit. No claim is made for punitive damages.

Since the appellee had not filed his answer and counterclaim until May 28, this cause was not triable at the May 1962 term of court, and the record fails to

disclose any further steps taken by either party. The next regular term of court held in Pearl River County was in September, and no steps were taken at this time other than appellee, through his attorney, again endeavored to have appellant dismiss his suit against him, as he claimed he had done at the May term. It is undisputed that the appellee was not the proper person to be sued by appellant, although the proper defendant in the suit below did live on Route 3, Box 314, Picayune, Mississippi, but his name was Howard Jack Mitchell. It appears, therefore, that the September term was the first term of court at which the cause was triable.

On October 25 appellant answered the counterclaim of appellee. The regular November term of circuit court in Pearl River County convened on November 5. On November 8 a nonsuit was taken against the defendant, J. E. Mitchell, d/b/a Mitchell Floor Coverings, and on that date appellant moved to have the counterclaim of appellee dismissed for the reason that appellee had failed to file said counterclaim on the date the answer was due, which, under the thirty days' additional time, would have been May 26, 1962. Assuming that appellant was not entitled to a default judgment, appellant urges that the failure of appellee to comply with the provisions of Sec. 1483.5, Miss. Code of 1942, entitled appellant to a dismissal of the counterclaim.

It is not necessary in deciding the merits of this case to consider all of the assignments of error urged by appellant, and we consider only those which are essential in the final disposition of this case.

Appellant urges that reversible error was committed by the giving of an unnumbered instruction to appellee, as follows:

"The Court instructs the jury to return a verdict for J. E. Mitchell, the Counterclaimant and assess his damages, if any, and that the form of your verdict may be: 'We, the jury, find for the Counterclaimant, J. E.

Mitchell and assess his damages at $————,' writing the verdict on a separate sheet of paper and filling the amount of damages as shall be determined and fixed by you.''

This instruction is, in substance, a peremptory and if it were the only error to be considered, the granting of this instruction would require the cause to be reversed and remanded. But the question upon which this case must be decided is simply this: Under the allegations of appellee's counterclaim, is the testimony in appellee's behalf sufficient to establish the requisite facts to submit to the jury the question of whether the appellant had sued appellee without probable cause, knowing that the wrong person was being sued; and that appellant was motivated by wilful malicious intent to vex and trouble the appellee, to damage his reputation and credit standing?

Insofar as the testimony relates to this basic question, only the appellee and his attorney testified. The proper defendant, Howard Jack Mitchell, testified and admitted that he lived at Route 3, Box 314, Picayune, and that he was the person indebted to appellant. Hon. E. B. Williams, Sr., testified that in his opinion the fee of $300 to be paid was reasonable.

It is a well established rule of law recognized in Mississippi that the filing of a suit, on open account such as the one here, does not thereby permit the inferences of malice arising from the mere circumstance that plaintiff employed the processes of a court in a civil action, and in which action he ultimately was not successful. Mars v. Germany, 135 Miss. 387, 100 So. 23.

In the case at bar, the fact that appellant should have sued Howard Jack Mitchell, but through error or mistake, sued J. E. Mitchell, does not permit the inference of malice. However, the appellee did not rely solely upon the mistake made by appellant in not naming the proper defendant in this suit, though the proper

defendant's address was given. The record indicates that appellee also relied upon the fact that after appellant knew the wrong defendant had been named he did not promptly dismiss the suit, asserting that the failure to dismiss promptly is evidence of wilful, malicious or fraudulent intent on the part of appellant to vex or to harrass the appellee. ▄▄ ▄ Considering both of the assertions of appellee, we do not feel that his position is supported by the evidence in this case.

As pointed out above, the case was not triable until the September 1962 term of court; that it was disposed of at the next term of court, or in November 1962. The testimony of appellee, when construed as liberally as possible in favor of appellee, in our opinion, fails to establish wilfulness or malice.

Appellee, J. E. Mitchell, was asked this question: "In the conduct of your business in the store you mentioned, do you or do you not pay your bills promptly and keep your credit in good shape?" This was objected to by appellant on the ground that it had no probative value and that the witness' character and financial responsibility had not been attacked in any way. The court ruled that under the allegations of the counterclaim the filing of the suit affected that very thing, that is, whether he paid his bills promptly and whether his credit was in good shape, and under the counterclaim he felt it was admissible testimony and he overruled the objection. The reply of appellee was: "I think by all means it was very damaging." He further testified that he had never been sued since he had been in business, which was about thirty-four years.

The jury returned a verdict which read: "We, the jury, find for the complainant, J. E. Mitchell, $2500 damage and $300 lawyers' fee, Tag Thigpen." The jury was sent back to revise its verdict and then brought in the following verdict: "We, the jury, find for J. E. Mitchell, $2800 total."

Appellee's attorney testified and attempted to show that failure of appellant to promptly dismiss the case when he learned that the wrong defendant had been sued established wilfulness and malice on the part of appellant which resulted in the loss of credit standing and reputation of appellee. This record is completely silent as to appellee having lost any credit standing or that his character or his financial responsibility had been injured in any way, unless it be the testimony of the counterclaimant, which was not responsive to the question asked by his attorney, that he thought by all means it was very damaging, meaning the institution of the suit against him, and the testimony of his attorney relating to the delays in the case and the failure of appellant's attorney to dismiss the suit as soon as he ascertained the wrong defendant had been sued. The record clearly showed that the attorneys representing both parties were guilty of procrastination and delay. We feel that the facts are insufficient to show that the act of appellant in bringing this suit was characterized by wilfulness, malice or fraud, or that there was any intention on the part of appellant to malign, injure or hurt the reputation or credit or general standing of appellee in the community in which he lived.

Infrequently wrong defendants are sued in our courts, and the rule which appellee urges should be applied in this instance is a harsh one — one which would permit a plaintiff whose attorney had erroneously sued a defendant in turn to be sued because of an error made by his attorney in trying to litigate the rights of his client in court. While the attorney for appellant could probably have acted with more speed and diligence in dismissing the suit against appellee, we cannot hold under all the facts and circumstances of this case that the bringing of the suit by appellant was characterized by malice or fraud, or that the delay of appellant's attorney in dismissing the suit constituted wilfulness,

fraud or malice on the part of the attorney which was attributable to appellant.

■■■ We fail to find any abuse of process in this case. The delay in not promptly dismissing the case by appellant does not amount to such activity or abuse of process which can be properly characterized by wilfulness, malice or fraud. The cases of Ellzey v. Frederic, 191 Miss. 633, 3 So. 2d 849; Mars v. Germany, 135 Miss. 387, 100 So. 23; and Thornton v. Gardner, 134 Miss. 485, 99 So. 131, seem to state the rules of law applicable herein. Therefore, the judgment of the lower court is reversed and judgment is entered here in behalf of appellant.

Judgment for appellee reversed and judgment entered here for appellant.

*McGehee, C. J., and Kyle, Ethridge and Gillespie, JJ.,* concur.