589 P.2d 451

**Richard E. NICHOLS, Appellant,**

v.

**Mary E. MARTIN, Appellee.**

**No. 2 CA–CIV 2809.**

Court of Appeals of Arizona, Division 2.

Oct. 17, 1978.

Rehearing Denied Dec. 6, 1978.

Clay G. Diamos, Tucson, for appellant.

Law Offices of John Wm. Johnson, by Christopher Paul Tabing, Tucson, for appellee.

## OPINION

HOWARD, Judge.

This is an action in replevin for the recovery of an airplane and damages for its wrongful detention. The trial court awarded appellee $17,680 for loss of use of the airplane, her "expenses" in the sum of $3,425 and ordered appellant to return the airplane to her. Appellee's request for punitive damages was denied.

The issues to be decided are: (1) whether appellant had a superior right to possession of the airplane when he took it from appellee, (2) whether the trial court used a proper measure of damages in awarding loss of use, and (3) whether appellee is entitled to recover her expenses as compensatory damages.

We hold that Nichols did not have any right to possession of the aircraft, that the award of damages for loss of use was proper, but that the trial court erroneously awarded appellee, as compensatory damages, her costs incurred in attending the prosecution of this action.

The airplane was purchased by Nichols and a colleague, Charles Amado, with title placed in Amado's name. Nichols' claim to the right of possession is based on the value of maintenance work which he performed on the aircraft while he and Amado owned it. Multination Leasing, Ltd. bought the airplane from Amado and Nichols and title was transferred from Amado to Multination. According to Nichols, he agreed to the transfer because he was told his claim for the maintenance work would be taken care of. There was also evidence to the contrary which indicated that when Nichols agreed to the transfer he did so in exchange for some stock in the Gold Lake Mining Company which was to satisfy his claim for the work.

Multination then leased the airplane to Gold Lake Mining Company, controlled by a Mr. McCoy. Subsequently, and with the consent of Mr. McCoy, a second lease on the airplane was entered into between Multination and appellee Mary Martin.

Multination, believing that its lease with Gold Lake and Martin had been breached, decided to repossess the airplane. Its president, Mr. Morales, hired Nichols to repossess it for Multination. Nichols went to Colorado to secure the airplane but, unbeknownst to Morales, intended to secure it for himself and to hold it until he was paid for the work he had done. Acting for himself and not for Multination, Nichols took the aircraft back to Tucson where he kept it and refused to give it to either Morales or Martin.

Appellant claims that when he took the airplane he was acting as an agent for Multination who had the right to repossess it. Also, that he had a right to possession by virtue of a mechanic's lien or an equitable interest in the aircraft. The evidence which we have previously recited does not support these contentions.

Damages for loss of use of a chattel are proper in a replevin action. *General Motors Acceptance Corporation v. Hill,* 95 Ariz. 347, 390 P.2d 843 (1964). Their amount is to be determined according to the market value of the use of the property. *Consolidated National Bank of Tucson v. Cunningham,* 24 Ariz. 437, 210 P. 850 (1922); *Palmer v. Kelly,* 54 Ariz. 466, 97 P.2d 209 (1939). The trial court awarded as damages $52 per day times the number of days appellee was deprived of the use of her property, i. e. the difference between what it was costing Martin to lease the plane and what it would have cost her had she rented an airplane on a daily basis from an aircraft rental company. In effect, the court determined the market value of the use of the

**210**

aircraft which Martin was leasing. Nichols claims that Martin was only entitled to recover those sums she actually expended to replace her loss of use of the property. This is clearly not the law in Arizona. See also, Restatement of Torts, Sec. 931(a) and the comment on subsection a.

 Appellant also claims that since the damages awarded for loss of use, $17,680, exceed the cost of the airplane when it was originally purchased by Amado and Nichols, to wit $17,000, they are excessive. The value of the aircraft is not material here to the issue of damages. We are dealing with the value of Martin's interest as a lessee. What the trial court did was award her an amount equal to the value of her lease during the period of wrongful detention. Appellant therefore cannot claim that the damages award is excessive.

Martin was also awarded $3,425 for the travel expenses she incurred in connection with this suit, including amounts for motel and food bills while she was in Tucson attending depositions and the trial. Martin claims that the award of such expenses as compensatory damages is justified by Sec. 931(b) of the Restatement of Torts which states:

"Where a person is entitled to a judgment for the detention of, or for preventing the use of, . . . chattels, the damages include an amount for

\* \* \* \* \* \*

(b) . . . harm of which the detention is the legal cause."

She also points to Sec. 916 of the Restatement of Torts which states:

"Where a person has intentionally invaded the legally protected interests of another, his intention to commit an invasion, the degree of his moral wrongfulness in acting and the seriousness of the harm which he intended are important factors in determining whether he is liable for resulting unintended harm."

The comment to Sec. 916 states in part: ". . . Its principle applies not only to permit a jury to award punitive damages, but also to cause an intentionally

wrongful tortfeasor to respond for compensatory damages in cases where, were he merely negligent, he would not be required to pay damages. . . ."

We do not believe that either section of the Restatement is referable to expenses incurred for attending court. Such expenses have been held to be properly includable in an award for punitive damages in a replevin action. *Smith Chevrolet Co. v. Finch,* 150 Miss. 854, 117 So. 258 (1928). They are not recoverable as compensatory damages. *Loeb v. Mann,* 39 S.C. 465, 18 S.E. 1 (1893). *Cf. Standard Finance Corporation v. Breland,* 249 Miss. 413, 163 So.2d 232 (1964).

That part of the judgment awarding appellee $3,425 for her expenses is vacated and set aside. The judgment is affirmed as modified.

RICHMOND, C. J., and HATHAWAY, J., concur.