ROBERTSON, Justice.
The appellant, Deposit Guaranty National Bank, brough suit against the appellee, E. S. Ellzey, in the Circuit Court of Covington County to recover the balance due on a note after applying the proceeds realized from the foreclosure sale of a 1965 *681 Ford Pickup truck. The bank had financed the purchase of this truck, and Ellzey had given the bank a note for $2,-474.28 and had secured payment of this note by executing a chattel deed of trust on the 1965 Ford Pickup truck.
In his Answer, the appellee set up by way of a separate defense that the appellant had previously filed an affidavit in re-plevin in which it had alleged that the value of the truck was $1,429.54, that the appellant later in its declaration in replevin again alleged the value to be $1,429.54, and that the court in its default judgment judicially determined the value of the truck to be $1,429.54, that the appellant had received possession of the truck, and that by virtue of the fact that the truck had been valued by the court at $1,429.54, which was the balance due at that time on the note to the appellant, that the appellee was in no way indebted to the appellant.
Appellee attached as an exhibit to his Answer a copy of the default judgment entered in the replevin suit, which judgment recites:
“There came on for hearing in open court an action in replevin by plaintiff against the defendant herein, for restoration of possession thereof to the custody of plaintiff for the unlawful detention of the property described herein so that it may deal with said property as authorised by it to do under the terms of the chattel deed of trust, the property being described as:
“One (1) 1965 Ford Pickup, Serial Number F10JK714845 with a value of $1,429.54.
and the Court having jurisdiction of the parties and of the subject matter, finds that defendant has filed no pleadings herein and that plaintiff is entitled to judgment by default.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff, is entitled to immediate possession of said property described above and the .property is ordered to be delivered to plaintiff to be dealt with as authorised so to do.

“IT IS, FURTHER, ORDERED AND ADJUDGED that plaintiff have and recover all costs accrued and to accrue in this cause. For which let execution issue.
“SO ORDERED AND ADJUDGED, this the 23rd day of May, 1967.” (Emphasis added).
The appellant, in answer to this separate defense, filed a written statement of special matter in which it denied that the court had judicially determined the value of the truck, alleged that the judgment in the replevin action was for possession only, that the appellant had no way of determining the true value of the truck until it had been sold under the provisions of the chattel deed of trust and that it was impossible to make such a sale until the appellant had obtained possession by replevin.
The trial court found that the separate defense, which would formerly have been a plea in bar, was well taken and should be sustained, and dismissed the suit.
The appellant assigns as error the action of the trial court in sustaining the said matter of plea and dismissing the suit.
We have stated many times that replevin is a possessory action only, the gist of which is the right of possession in the plaintiff. The primary relief sought is the return of the identical property; damages are. merely incidental. Road Material & Equipment Co. v. McGowan, 229 Miss. 611, 91 So.2d 554, 92 So.2d 245 (1956). In that case the circuit court had entered a default judgment against McGowan (1) adjudging “that plaintiff recover from McGowan the sum of $6,374.50” and (2) adjudging “that plaintiff should recover immediate possession of the dragline machine.”
 The judgment in a replevin action must be in the alternative: either for possession of the property replevied and damages for its wrongful detention; or the val *682 ue of the property if possession cannot be restored. We expressed it in this way in Road Material & Equipment Co. v. McGowan, supra:
"It is well established that where the plaintiff has a limited interest in the chattel, by way of security' for' payment of any balance due on the purchase price, the judgment should he for return of the property or, in the alternative, for the value of plaintiffs interest therein measured by the balance due with interest and damages. * * *
“Because the gist of a replevin action is possessory and damages are only incidental, it is well established that, in the absence of a consent judgment agreed' upon by both parties, a judgment in re-plevin cannot be for debt, but must be in the alternative. * * *” 229 Miss. at 624-25, 91 So.2d at 556-557. (Emphasis added).
The principal purposes of stating a value in the affidavit in replevin is to furnish the officer granting the writ a guide as to what court has jurisdiction, and also to help the officer who takes the property into possession to value it for bonding purposes. §§ 2841, 2847 Miss.Code 1942 Ann. (1956).
Section 2860 Mississippi Code 1942 Annotated (1956) sets forth the judgment to be rendered if the plaintiff recover: when defendant has bonded the property, when plaintiff has bonded it, or where plaintiff recovers judgment by default.
Section 2860 provides:
“If the plaintiff recover, and the defendant has given bond for the property, the judgment shall be against the defendant and the sureties on his bond, that they restore the property to the plaintiff, if to be had, or pay him the value thereof, or of his interest therein, if a limited one, as assessed by the verdict of the jury, and that they pay to the plaintiff such damages as shall have been assessed by the jury for the wrongful taking and detention, or for the wrongful detention thereof; but if the plaintiff has given bond for the property, the judgment shall be that he retain it, and that he recover of the defendant the damages assessed for the wrongful taking and detention, or wrongful detention, as the case may be. If the plaintiff recover judgment by default, he may have a writ of inquiry to assess the value of the property or the damages for the wrongful taking and detention, or wrongful detention, or both, as the case may be; and judgment shall be rendered therein as upon an issue found for him.” (Emphasis added).
In this replevin action, the plaintiff did not ask for a writ of inquiry, and the court did not grant one. The default judgment was for possession only; even the value stated in the judgment was included as a part of the description.
The judgment clearly provides that plaintiff is entitled to the restoration of possession of the 1965 Ford Pickup truck: "[S]o that it may deal with said property as authorized by it to do under the terms of the chattel deed of trust. * * *” (Emphasis supplied).
The trial court erred in sustaining the separate defense set up as matter of plea. The judgment of dismissal is reversed and the cause remanded for a hearing on the merits.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, PATTERSON and SMITH, JJ., concur.