ROBERTSON, Justice:
Plaintiff, Therese Mary Law, brought an action in replevin against her former husband, Hung Kwong Leung, in the County *696 Court of Coahoma County, to recover possession of two diamond rings and other jewelry. Some of the items were not found and the court gave judgment for $8,644.00, the value of those items, and also for a $1,200.00 attorney’s fee.
Defendant appealed to the Circuit Court of Coahoma County, and the circuit court affirmed, except as to the $1,200.00 attorney’s fee, which was disallowed.
The gist of defendant’s assignment of error is that plaintiff did not prove possession in the defendant at the time of filing her replevin action on February 10, 1970.
Plaintiff cross-appealed, assigning as error that the circuit court erred in holding that plaintiff was not entitled to the $1,200.00 attorney’s fee.
The testimony was undisputed that the plaintiff and defendant were married in Hong Kong in August, 1966, after a whirlwind courtship of two weeks. During the two-weeks period, the defendant purchased for the plaintiff in Hong Kong two diamond rings, and the other jewelry described in the affidavit of replevin.
The plaintiff and defendant returned to the home of defendant in Clarksdale, Mississippi, in September, 1966, and resided there as husband and wife until October, 1969. Plaintiff testified that the defendant took possession of her jewelry immediately upon their return to Clarksdale, telling her that people would talk, his daughter by a former marriage might find out, and that it was not safe to keep it at home. According to the plaintiff, on one occasion in 1968, the defendant brought her jewelry out to the home, showed it to her, and then returned it to the safe deposit box in the Coahoma National Bank.
The last time she saw her jewelry it was in the possession and control of the defendant. Prior to leaving for Hong Kong on October 19, 1969, she asked defendant for her jewelry. Defendant told her it would be to dangerous to travel with her valuable jewelry, and when she returned from Hong Kong he would bring her jewelry to her. She returned to Clarksdale in January, 1970, and on the night of January 19th went to defendant’s home, knocked on the door and receiving no response, went to the window and knocked on it. She testified that either defendant or his son called the police, and they came out and questioned her.
Paul Burton, city policeman, testified as to what took place that night:
“Q. I ask you whether or not this lady made any demands for jewelry of and in the presence of and to Mr. Leung ?
A. I did hear her say that she wanted her jewelry; that he had some jewelry that belonged to her.
Q. Did Mr. Leung deny that he had any jewelry belonging to her?
A. He didn’t make any statement one way or the other; whether he had it or didn’t have it.”
In his opinion the county judge mentioned the fact that the defendant remained silent and did not deny having possession of the jewelry on the night of January 19, 1970.
In an action of replevin, it is particularly necessary to consider the nature of the personal property replevied. If, as defendant seems to contend, plaintiff must prove by an eyewitness that defendant had possession of the property at the very moment suit was filed, then it would be virtually impossible to successfully bring a replevin action for small items of personal property such as jewelry.
46 Am.Jur., Replevin, Section 114, page 9 (1970 Supp.), states:
“Where the issue of the defendant’s possession at the commencement of the action is presented, it is, with some exceptions, the- generally accepted rule that possession of personal property by the defendant, proved to exist at some time *697 prior to the commencement of an action to recover such property, is presumed to continue until the contrary is established; and such proof, if not explained or overcome, is sufficient to establish possession in the defendant at the commencement of the action.”
We consider this to be a sound and practical rule of evidence. It was followed in Tesar v. Bartels, 149 Neb. 889, 32 N.W.2d 911, 2 A.L.R.2d 1037 (1948), and Bardon v. Endejan, 128 Okl. 293, 262 P. 693 (1928)
It would appear that Mississippi applied this rule as far back as 1839 when, in the case of Lowry v. Houston, 4 Miss. (3 How.) 394, the Court said:
“In relation to the second objection, it may be remarked that the rule is, that though possession by the defendant must be proved, yet it is not necessary that it should be continued up to the time of the commencement of the suit, and the plaintiff will be entitled to recover, unless the defendant has been lawfully dispossessed.” (Emphasis, added). 4 Miss. (3 How.) at page 397.
We think that there was substantial evidence supporting the judgment of the county court that the defendant had possession of plaintiffs jewelry and wrongfully kept it from her, that she was entitled to the possession of her jewelry, and if it were not returned to her, then she was entitled to $8,644.00, the value of the jewelry withheld.
As to the $1,200.00 attorney’s fee allowed by the county court, we agree with the circuit court that the county court was in error in allowing an attorney’s fee in a replevin action in the absence of any allowance of punitive damages. We said in Standard Finance Corporation v. Breland, 249 Miss. 413, 163 So.2d 232 (1964):
“It should be remembered that attorneys’ fees in a replevin action are not recoverable, except when punitive damages are allowed, and since there is no testimony in the second trial on the writ of inquiry from which exemplary damages could be allowed by the jury in the case at bar, the attorneys’ fees were not recoverable. Mars v. Germany, 135 Miss. 387, 100 So. 23; Taylor v. Morton, supra [61 Miss. 24]; Cowden v. Lockridge, 60 Miss. 385.” 249 Miss, at 428-429; 163 So.2d at 239.
This was not a proper case for the allowance of punitive damages, or an attorney’s fee in the nature of punitive damages.
The judgment of the Circuit Court is affirmed on direct and cross appeals.
Affirmed.
GILLESPIE, P. J., and PATTERSON, INZER and HARPER, JJ., concur.