LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. On May 6, 2002, a 1996 GMC Suburban was seized pursuant to the lawful arrest of James C. Edwards, III. At the request of the Humphreys County Sheriffs Department (HCSD) the vehicle was subsequently impounded and towed by James Wrecker Service to its place of business in Belzoni. James Wrecker was entrusted as the custodian of the vehicle. Humphreys County sought to retrieve the vehicle on March 7, 2003, pursuant to a sentencing order issued by the Circuit Court of Humphreys County in Edwards’s criminal case. James Wrecker refused to turn over the vehicle except on condition of payment of the storage and towing fees.
¶ 2. Humphreys County then filed a petition for replevin. James Wrecker answered the petition and counterclaimed requesting payment of storage fees. On May 29, 2003, the trial judge found that a customary practice existed between James Wrecker and the HCSD whereby James Wrecker would not charge the HCSD storage fees. However, the trial judge also found that, pursuant to its counterclaim, James Wrecker “shall be paid $135 towing fees and the balance of the proceeds or the use of the 1996 GM Suburban shall be allowed” pursuant to Mississippi Code Annotated 41-29-181 (Rev.2001).
¶ 3. James Wrecker now appeals to this Court asserting that the trial court erred in finding a customary practice existed between James Wrecker and HCSD and in concluding that James Wrecker was not entitled to storage fees for the vehicle.
DISCUSSION OF ISSUES
I. DID A CUSTOMARY PRACTICE EXIST BETWEEN JAMES WRECKER AND HCSD WHEREIN JAMES WRECKER WOULD NOT CHARGE STORAGE FEES?
¶ 4. In its first issue, James Wrecker argues that there was no customary practice or understanding between James Wrecker and HCSD whereby James Wrecker would waive storage fees in return for being allowed to repair vehicles for HCSD. In cases where circuit court judges try cases without a jury, the same standard of review applies as if it were a chancellor. A circuit court judge’s findings are “safe on appeal where they are supported by substantial, credible and reasonable evidence.” Maldonado v. Kelly, 768 So.2d 906(¶ 4) (Miss.2000).
¶ 5. During the hearing on the matter, there was various testimony concerning the supposed understanding between *773 James Wrecker and HCSD. James Ivy, the owner of James Wrecker, testified that he spoke with someone at the HCSD about the car in question. Ivy stated that he told this person at the HCSD that storing the car was costing $25 per day and then asked what the HCSD wanted to do with the car. Ivy also said that the only reason he failed to charge storage fees for another vehicle brought in by the HCSD was because the vehicle was only in the lot for a few days. Carol Ivy, James’s wife and bookkeeper for James Wrecker, stated that they always charge storage fees but the storage fee is not billed until the car is picked up. Carol also testified that at one time someone from the HCSD called and asked her not to charge storage fees for a particular car because it had only been in the lot for four days. Carol further stated that there was no standing arrangement with the HCSD where James Wrecker would fail to charge storage fees to them. Carol said that James would occasionally fail to charge the HCSD a storage fee but only if the vehicle had been in storage for just a day or two.
¶ 6. Sheriff Holloway testified that he was told by the previous sheriff that James Wrecker did not charge the HCSD storage fees. However, at one point during his testimony, Sheriff Holloway stated that they had paid for storage, “but we never paid a ridiculous price like we have got now.”
¶ 7. The only evidence offered consisted of an invoice dated February 10, 2000, for a $65 towing charge and a $80 storage fee, and invoice dated February 17, 2000, for a $95 towing charge, and a check stub wherein the HCSD paid off both storage fees. However, on the February 10 invoice, the storage fee is circled and marked “Due”, and written on the check stub is “$80.00 still due.” The trial court found that the check stub was enough evidence to support the HCSD’s claim of a customary practice of nonpayment of storage fees.
¶ 8. We fail to see how the dealings between James Wrecker and the HCSD amounted to a customary practice whereby the HCSD was entitled to free storage in return for using the services of James Wrecker. One check stub showing payment of towing fees rather than storage fees can hardly be considered substantial evidence to support the HCSD’s argument. Accordingly, we find the trial court’s determination to be in error and reverse and render on this issue.
II. DID THE TRIAL COURT ERR IN DETERMINING THAT JAMES WRECKER WAS NOT ENTITLED TO STORAGE FEES?
¶ 9. In its other issue, James Wrecker argues that the trial court erred in determining that they were not entitled to storage fees. The trial court judge stated in her order the following:
This Court therefore finds that the Defendant [James Wrecker] on its counterclaim shall joe paid $135.00 towing fees and the balance of the proceeds or the use of the 1996 GM Suburban shall be allowed pursuant to Section 41-29-181 MCA.
¶ 10. Mississippi Code Annotated Section 41-29-181 (Supp.2004) simply states the procedure for disposing of seized property. Section 41-29-181(2) discusses the liquidation of real and personal property and the disposition of the proceeds. Section 41-29-181(6) states that “all other property” should be sold and the. balance of the proceeds “remaining after deduction of all storage, court costs ... shall be divided.... ” Furthermore, the Attorney General’s Office has stated the following: “If it happens that the storing agency is not entitled to a share of the proceeds of a post-forfeiture sale under Section 41-29- *774 181(2), then the storing agency must recover its actual storage costs from the law enforcement agency which is entitled to all or part of the sale’s proceeds and which requested storage space from the storing agency.” MS AG Op., Williams (February 1,1991).
¶ 11. In reading the trial court’s order it is. evident that the trial judge intended James Wrecker to benefit from whatever proceeds were received after the forfeiture proceedings. However, it is unclear what exactly the trial court intended James Wrecker to receive. We remand in order for the trial court to determine the proper amount of fees James Wrecker is entitled to receive once the forfeiture proceedings of the car are complete.
¶ 12. THE JUDGMENT OF THE HUMPHREYS COUNTY CIRCUIT COURT IS REVERSED AND RENDERED IN PART AND REVERSED AND REMANDED IN PART. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.