ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. Gerald Hammond bought a 2005 Caterpillar Skid-Steer (Skid-Steer) from David Timbes on August 15, 2008. Almost a year later, on July 10, 2009, Caterpillar Financial Services Corporation (Caterpillar Financial) filed a replevin in the Alcorn County Circuit Court alleging that it was entitled to possession of the Skid-Steer due to a prior, perfected security interest. The circuit court granted Caterpillar Financial possession of the Skid-Steer. Feeling aggrieved, Hammond now appeals.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. On January 9, 2006, Caterpillar Financial obtained a security interest in a Caterpillar Skid-Steer. Then, on July 26, 2006, Caterpillar Financial approved the transfer of the Skid-Steer to Double D Services, Inc., a Texas corporation. After the transfer, Caterpillar Financial perfected its security interest in the Skid-Steer by filing a UCC financing statement with the Texas Secretary of State’s office.
 

 ¶ 3. Double D Services, Inc. was administratively dissolved by the Texas Secretary of State’s office in 2007. Before the
 
 *701
 
 corporation’s dissolution, it had defaulted on the contract with Caterpillar Financial, but Caterpillar Financial was unable to collect from it. Timbes, a former owner of Double D Services, Inc., sold the Skid-Steer to Hammond on August 15, 2008, for $7,600. Apparently, Timbes executed this sale without requesting permission from or informing Caterpillar Financial. Caterpillar Financial learned of the sale of the Skid-Steer, and on July 10, 2009, it commenced a suit for replevin in the circuit court against Hammond seeking possession of the Skid-Steer due to its prior, perfected security interest in the equipment.
 

 ¶ 4. On March 4, 2010, the circuit court conducted a hearing to determine whether Hammond or Caterpillar Financial was entitled to possession of the Skid-Steer. At the hearing, the circuit judge began by asking if there was any dispute that Caterpillar Financial had a perfected security interest in the Skid-Steer.
 
 [1]
 
 The circuit judge then allowed each party to give a statement about his case. Hammond asserted that, although Caterpillar Financial had a perfected security interest in the Skid-Steer, he was a buyer of a consumer good. His position as a buyer of consumer goods entitled him to possession over Caterpillar Financial’s perfected security interest. Caterpillar Financial then presented its argument as to why Hammond was not a buyer of a consumer good and that it, not Hammond, was entitled to possession of the Skid-Steer. After hearing from both parties, the circuit judge found in favor of Caterpillar Financial and granted it possession of the Skid-Steer.
 

 ¶ 5. Hammond appeals raising the following three issues:
 

 1. The circuit judge failed to require Caterpillar Financial to prove or establish that it was entitled to immediate possession of the equipment.
 

 2. The circuit judge refused to accept any testimony or evidence at the hearing other than the parties’ statements, and he made the decision based solely on the pleadings.
 

 3. The circuit judge excluded or otherwise ignored Hammond’s request to produce evidence which was essential to the understanding of the case.
 

 Finding no error, we affirm the circuit court’s judgment.
 

 STANDARD OF REVIEW
 

 ¶ 6. An appellate court, when reviewing the decision of a trial judge sitting without a jury, “may only reverse when the findings of the trial judge are manifestly wrong or clearly erroneous.”
 
 Singley v. Smith,
 
 844 So.2d 448, 451 (¶ 9) (Miss.2003) (citing
 
 Amerson v. State,
 
 648 So.2d 58, 60 (Miss.1994)). Further, “a circuit court judge’s findings are ‘safe on appeal where they are supported by substantial, credible, and reasonable evidence.”
 
 James Wrecker Serv. v. Humphreys County,
 
 906 So.2d 771, 772 (¶ 4) (Miss.Ct.App.2004) (quoting
 
 Maldonado v. Kelly,
 
 768 So.2d 906, 908 (¶ 4) (Miss.2000)).
 

 ANALYSIS
 

 ¶ 7. Caterpillar Financial brought suit under Mississippi Code Annotated section 11-37-131 (Rev.2002) which permits a re-plevin suit be brought without posting bond and without requesting immediate seizure of the property. As required by statute, Caterpillar Financial and Hammond appeared before the circuit court on March 4, 2010, for a final hearing to deter
 
 *702
 
 mine the possession rights of the parties with regard to the Skid-Steer. At the hearing, Hammond did not dispute that Caterpillar Financial had a perfected security interest in the Skid-Steer. Once this fact was admitted, the circuit judge asked Hammond to tell him why Caterpillar Financial’s prior, perfected security interest does not carry the day. The trial transcript clearly indicates that Hammond was permitted to describe, at length, the issues and evidence he would present to prove his ease. His primary argument was that he was a buyer of a consumer good without knowledge of the prior security agreement; thus, he was entitled to possession of the Skid-Steer over Caterpillar Financial’s security interest. The circuit judge heard Hammond’s argument and gave Caterpillar Financial an opportunity to respond. After hearing the arguments from both parties, the circuit judge found that “Caterpillar Financial Services Corporation had a perfected security interest in [the Skid-Steer] under the law of the State of Texas, which we’re going to honor here in [Mississippi]” and granted Caterpillar Financial possession of the Skid-Steer.
 

 ¶8. Although Hammond does not dispute that Caterpillar Financial had a properly perfected security interest in the Skid-Steer, he does argue that the circuit judge erred in not allowing any evidence to be presented at the hearing and not requiring Caterpillar Financial to prove it was entitled to immediate possession before granting Caterpillar Financial possession of the Skid-Steer. We find that the circuit judge did not err.
 

 I. Proof of Immediate Possession
 

 ¶ 9. The sole case Hammond cites in his brief,
 
 Robinson v. Friendly Finance Company of Biloxi,
 
 241 Miss. 239, 243, 130 So.2d 256, 257 (1961), supports the proposition that Caterpillar Financial bears the burden of proving its right to possession of the Skid-Steer. The circuit judge found that Caterpillar Financial proved its right to possession by demonstrating that it had a valid prior, perfected security interest in the Skid-Steer by virtue of the properly filed financing statement in Texas. Further, Hammond did not dispute that this security interest existed and was valid. Our standard of review is limited to whether the circuit judge’s decision was manifestly wrong or clearly erroneous.
 
 Singley,
 
 844 So.2d at 451 (¶ 9). After review of the record, we find that the circuit judge’s decision that Caterpillar Financial was entitled to immediate possession of the Skid-Steer was not manifestly wrong or clearly erroneous and was supported by substantial evidence.
 

 II. Failure to Allow the Introduction of Evidence
 

 ¶ 10. In addition to Hammond’s claim that Caterpillar Financial did not prove it was entitled to immediate possession, he also argues that the circuit judge ignored his request to produce evidence or hear testimony at the hearing. It should be noted that Hammond failed to provide any relevant authority to support this argument. The failure to provide authority acts as a procedural bar, and this Court is under no obligation to consider this issue on appeal.
 
 Taylor v. Kennedy,
 
 926 So.2d 957, 959 (¶ 4) (Miss.Ct.App.2006) (citing
 
 Grey v. Grey,
 
 638 So.2d 488, 491 (Miss.1994)).
 

 ¶ 11. We find Hammond’s issue procedurally barred.
 

 ¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 
 *703
 
 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.
 

 [1]
 

 . At the time of the hearing, Renasant Bank, the bank that had financed Hammond's loan, was also a party. It did not dispute that Caterpillar Financial had a valid, perfected security interest in the Skid-Steer. Renasant Bank is not a party to this appeal.