# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00398-COA

**JAMES KEITH COOLEY AND COOLEY DRUG, INC.**                    APPELLANTS

**v.**

**J.M. SMITH CORPORATION D/B/A SMITH DRUG COMPANY**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2013 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | MICHAEL W. CROSBY |
| ATTORNEY FOR APPELLEE: | BRADLEY TRUETT GOLMON |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| TRIAL COURT DISPOSITION: | GRANTED THE APPELLEE A REPLEVIN AND CONTRACTUAL DAMAGES |
| DISPOSITION: | AFFIRMED - 06/21/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE LEE, C.J., CARLTON AND FAIR, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     James Cooley (Cooley), on behalf of himself and Cooley Drug Inc. (Cooley Drug), appeals the Wayne County Circuit Court's judgment granting J.M. Smith Corporation d/b/a Smith Drug Co. (Smith Drug) a replevin and contractual damages. On appeal, Cooley raises the following issues: (1) whether the circuit court erred by allowing Smith Drug to present evidence of contractual damages at the replevin hearing; and (2) whether the circuit court erred by awarding Smith Drug contractual damages. Finding no error, we affirm.

### FACTS

¶2.     On May 4, 2006, Cooley, as the principal of Cooley Drug, executed an "Application for Credit," a "Continuing Guaranty of Payment," and a "Security Agreement" with Smith Drug.  Under the terms of the security agreement, Cooley Drug paid for inventory, which Smith Drug then shipped to Cooley Drug.  Cooley guaranteed his company's financial obligation for the inventory, and Smith Drug retained a security interest in certain specified collateral, including the inventory it shipped to Cooley Drug.  The parties' security agreement required Cooley Drug to "keep all of [the] collateral at its principle place of business unless and until such collateral is disposed of in the ordinary course of [Cooley Drug's] business." If Cooley defaulted on his payments or in the performance of his obligations and forced Smith Drug to institute legal proceedings or hire an attorney, Cooley agreed to pay all costs for the collection of the collateral, including Smith Drug's reasonable attorney's fees.

¶3.     After executing their agreement, Smith Drug shipped Cooley Drug inventory valued at $141,148.57.  However, Cooley Drug defaulted on its payment obligation to Smith Drug. Therefore, on January 28, 2013, Smith Drug filed a complaint against Cooley and Cooley Drug for a replevin and damages.  Smith Drug attached the parties' "Application for Credit," "Continuing Guaranty of Payment," and "Security Agreement" to its complaint.  The complaint requested that the circuit court award Smith Drug immediate possession of the collateral at issue or, in the alternative, the proceeds of the collateral.  In addition, Smith Drug requested attorney's fees as provided in the parties' agreement.

¶4.     Cooley neither filed an answer to Smith Drug's complaint nor responded to Smith Drug's requests for admission.  Instead, on March 15, 2013, Cooley filed a motion to dismiss

Smith Drug's complaint, and Smith Drug filed a timely response. Although Cooley's motion to dismiss was never formally set for a hearing, the circuit court heard the motion to dismiss when it heard Cooley's motion for a new trial. On September 30, 2013, the circuit court entered an order setting the trial for November 20, 2013, on Smith Drug's request for a writ of replevin. Also on September 30, 2013, the circuit court entered a fiat directing that Cooley appear on the trial date to answer Smith Drug's complaint and for "a final hearing to determine the rights of the parties . . . as to the property described in the [c]omplaint[.]"

¶5.     At the hearing on November 20, 2013, Smith Drug's attorney informed the circuit court of Cooley's failure to respond to Smith Drug's requests for admission. Specifically, Smith Drug sought to admit evidence as to the value of the collateral at issue. Due to Cooley's failure to answer the complaint and to respond to discovery requests for admission, the circuit court deemed the value of the collateral admitted.

¶6.     During the hearing, the only witness called by either of the parties was Smith Drug's corporate representative, Tony Thompson. Thompson testified that he visited Cooley Drug's premises the morning of the trial. Although Cooley Drug's front door was padlocked, Thompson testified that he could see into the store. Based on his observations, Thompson testified that Cooley Drug's shelves appeared almost empty and that the building appeared to hold no inventory. Thompson also testified that he possessed no information to indicate that any of Smith Drug's inventory remained within the building. Thompson confirmed that, as of November 15, 2013, Cooley Drug owed Smith Drug $141,148.57 for the inventory Smith Drug shipped to Cooley Drug. During Thompson's testimony, Smith Drug established

3

the value of its security interest in the collateral by offering into evidence several documents, including its Uniform Commercial Code filing statement and the parties' security agreement. After Thompson's testimony, Smith Drug rested, and Cooley elected not to call any witnesses.

¶7. Following the trial, the circuit court entered a judgment awarding Smith Drug a replevin and contractual damages. Finding that Smith Drug retained an interest in the collateral, the circuit court granted Smith Drug immediate possession of and ownership over any collateral that might be found. However, the circuit court also determined that Cooley Drug no longer had possession of or control over the collateral and that no proof existed that any of the collateral remained. Thus, the circuit court awarded Smith Drug $141,148.57, which constituted the value of the unrecovered collateral. Pursuant to the parties' security agreement, the circuit court also awarded Smith Drug $11,396 in attorney's fees.

¶8. Following the circuit court's judgment, Cooley filed an unsuccessful motion for a new trial. Aggrieved by the circuit court's judgment and the denial of his new-trial motion, Cooley appeals.

## STANDARD OF REVIEW

¶9. As this Court has previously acknowledged:

> An appellate court, when reviewing the decision of a trial judge sitting without a jury, may only reverse when the findings of the trial judge are manifestly wrong or clearly erroneous. Further, a circuit court judge's findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence.

*Hammond v. Caterpillar Fin. Servs. Corp.*, 66 So. 3d 700, 701 (¶6) (Miss. Ct. App. 2011)

4

(internal citations and quotation marks omitted).

## DISCUSSION

**I.      Whether the circuit court erred by allowing Smith Drug to present evidence of contractual damages at the replevin hearing.**

**II.     Whether the circuit court erred by awarding Smith Drug contractual damages.**

¶10.    We address Cooley's two assignments of error together.  According to Cooley, Smith Drug sought a hearing only on a replevin.  Cooley therefore asserts that he prepared for a hearing only on a replevin and not on the additional issue of contractual damages.  Arguing that the circuit court should have limited the hearing to the issue of a replevin, Cooley contends that the circuit court erred by allowing Smith Drug to also present evidence of contractual damages and by awarding Smith Drug a judgment of $141,148.57 for damages. Cooley asserts that the circuit court should have instead determined whether a replevin was appropriate and then, if necessary, conducted a separate hearing to determine a damages award.

¶11.    Replevin is a statutorily governed action. *Lacoste v. Sys. & Servs. Techs. Inc.*, 126 So. 3d 111, 112 (¶1) (Miss. Ct. App. 2013).  "Mississippi's replevin statute gives would-be possessors two procedural options[.]" *Id.*  Under the first option, the plaintiff may seek immediate seizure of the disputed property by requesting that the court issue a writ to seize the property from the defendant. *See* Miss. Code Ann. § 11-37-101 (Rev. 2012).  "The action may be maintained only if the plaintiff is entitled to immediate possession, the property is in the possession of the defendant when action is commenced, and the detention by the

5

defendant is wrongful." Jeffrey Jackson & Mary Miller, *Encyclopedia of Mississippi Law* § 41:97, at 405-06 (2015) (citing Miss. Code Ann. § 11-37-101).

¶12.    Under the second option, as provided by Mississippi Code Annotated section 11-37-131 (Rev. 2012), "a plaintiff may ask the court to summon the defendant for a hearing to determine who has the right to possess the property." *Lacoste*, 126 So. 3d at 112 (¶1). "[W]hen an action is commenced under section 11-37-131, instead of a writ, the court issues a summons. This summons directs the defendant 'to appear for a final hearing to determine the rights of the parties as to possession.'" *Id.* at 114 (¶14) (quoting Miss. Code Ann. § 11-37-131).

¶13.    The record in the present case reflects that Smith Drug sought a replevin against Cooley and Cooley Drug under the second procedural option provided by section 11-37-131. As the Mississippi Supreme Court has often stated, "[a] replevin is a possessory action only, the gist of which is the right of possession in the plaintiff. The primary relief sought is the return of the identical property; damages are merely incidental." *Deposit Guar. Nat'l Bank v. Ellzey*, 222 So. 2d 680, 681 (Miss. 1969) (citing *Rd. Material & Equip. Co. v. McGowan*, 229 Miss. 611, 624, 91 So. 2d 554, 556 (1956)). However, Mississippi statutory law provides that, "[i]n addition to the recovery of the property, the plaintiff may recover damages sustained by the wrongful taking" of the property. Jackson, § 41:97, at 406 (citing Miss. Code Ann. § 11-37-127 (Rev. 2012)). According to section 11-37-127, "[i]f, upon a trial, the judgment shall be for the plaintiff, he shall retain possession of the property delivered to him under the writ of replevin, or if said property has not been found, then the

6

plaintiff shall have a judgment for its value as determined by such hearing, or the value of the plaintiff's interest therein."

¶14. With regard to this issue, the supreme court has stated:

> The judgment in a replevin action must be in the alternative: either for possession of the property replevied and damages for its wrongful detention; or the value of the property if possession cannot be restored. We expressed it in this way in *Road Material & Equipment Co.* . . . :
>
>> It is well established that where the plaintiff has a limited interest in the chattel, by way of security for payment of any balance due on the purchase price, the judgment should be for return of the property or, in the alternative, for the value of plaintiff's interest therein measured by the balance due with interest and damages. . . .
>>
>> Because the gist of a replevin action is possessory and damages are only incidental, it is well established that, in the absence of a consent judgment agreed upon by both parties, a judgment in replevin cannot be for debt, but must be in the alternative. . . .

*Deposit Guar. Nat'l Bank*, 222 So. 2d at 681-82 (quoting *Rd. Material & Equip. Co.*, 229 Miss. at 624-25, 91 So. 2d at 556-57).

¶15. The supreme court reiterated these principles in *Hung Kwong Leung v. Law*, 247 So. 2d 695 (Miss. 1971). In *Hung Kwong Leung*, the plaintiff, Law, filed a replevin action in county court against her former husband, Leung, to recover jewelry. *Id.* at 695-96. In that case, several of the items remained unrecovered, and the county court awarded Law a monetary judgment for $8,644 (the value of the unrecovered items) and $1,200 in attorney's fees. *Id.* at 696. The circuit court affirmed the county court's award of the monetary judgment but reversed the award of attorney's fees. *Id.* In affirming the circuit court's decision, the supreme court held:

7

> [T]here was substantial evidence supporting the judgment of the county court that [Leung] had possession of [Law's] jewelry and wrongfully kept it from her, that she was entitled to the possession of her jewelry, and [that,] if it were not returned to her, then she was entitled to $8,644.00, the value of the jewelry withheld.

*Id.* at 697.

¶16. In the present case, Cooley argues he should not be penalized for failing to answer Smith Drug's complaint because he filed a motion to dismiss. However, Cooley's argument overlooks his failure to respond to Smith Drug's discovery requests. Prior to the replevin hearing, the circuit court found that the value of the collateral was deemed admitted due to Cooley's failure to answer the complaint and to respond to discovery requests, including Smith Drug's requests for admission.[1] In addition, the circuit court heard evidence at the replevin hearing from Thompson, the only witness to testify, that Smith Drug shipped inventory to Cooley Drug valued at $141,148.57. Although the parties' security agreement instructed Cooley Drug to "keep all of its collateral at its principal place of business unless and until such collateral is disposed of in the ordinary course of . . . business[,]" Thompson testified that Cooley Drug's shelves appeared almost empty and devoid of any of Smith Drug's collateral. Furthermore, Thompson testified that he lacked any information to indicate that the collateral remained somewhere else inside the building. Despite being present at the replevin hearing, Cooley failed to testify or to present any witnesses or evidence.

¶17. Based on Thompson's uncontroverted testimony, the circuit court concluded that no

---

[1] *See* M.R.C.P. 36 (discussing requests for admission).

proof existed to show that any of Smith Drug's collateral remained within Cooley Drug's possession or control. Thus, in accordance with Mississippi caselaw, the circuit court ordered that Cooley pay Smith Drug $141,148.57—the value of the property at issue—since the actual property could not be discovered and returned to Smith Drug. *See Deposit Guar. Nat'l Bank*, 222 So. 2d at 681-82; *Hung Kwong Leung*, 247 So. 2d at 697. The circuit court also awarded Smith Drug attorney's fees, which we acknowledge was supported by the parties' security-agreement contract. *See Lacoste*, 126 So. 3d at 117-18 (¶¶30-32). *See also* Miss. Code Ann. § 11-37-157 (Rev. 2012) (stating that an action for replevin "shall be cumulative and in addition to all other actions presently available at law or in equity").

¶18. After reviewing the record and relevant caselaw, we find no error in the circuit court's judgment. The record reflects that substantial credible evidence supported the circuit court's findings of fact. *See Hammond*, 66 So. 3d at 701 (¶6). As a result, we find that Cooley's assignments of error lack merit.

¶19. **THE JUDGMENT OF THE WAYNE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. GREENLEE, J., NOT PARTICIPATING.**

9