# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00316-COA

**DELANDO WILSON**                                                          **APPELLANT**

**v.**

**CITY OF GREENVILLE**                                                          **APPELLEE**

DATE OF JUDGMENT:                  02/12/2021
TRIAL JUDGE:                            HON. MARGARET CAREY-McCRAY
COURT FROM WHICH APPEALED:    WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         RENETHA LATRICE FRIESON
ATTORNEY FOR APPELLEE:           WILLIE GRIFFIN
NATURE OF THE CASE:               CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                        AFFIRMED - 09/06/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## CONSOLIDATED WITH

## NO. 2021-CA-00518-COA

**DELANDO WILSON**                                                          **APPELLANT**

**v.**

**CITY OF GREENVILLE**                                                          **APPELLEE**

DATE OF JUDGMENT:                  05/14/2021
TRIAL JUDGE:                            HON. CAROL L. WHITE-RICHARD
COURT FROM WHICH APPEALED:    WASHINGTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         RENETHA LATRICE FRIESON
ATTORNEY FOR APPELLEE:           WILLIE GRIFFIN
NATURE OF THE CASE:               CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                        AFFIRMED - 09/06/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., GREENLEE AND McCARTY, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     This matter comes before this Court as the consolidation of two cases on appeal. In Appellate Case No. 2021-CA-00316-COA, the Washington County Circuit Court dismissed for lack of jurisdiction Delando Wilson's untimely appeal of the Greenville City Council's decision to accept and enforce his resignation as the police chief. In Appellate Case No. 2021-CA-00518-COA, the circuit court granted the City of Greenville's replevin action for city equipment in Wilson's possession. The circuit court also denied Wilson's counterclaim, motion to dismiss, and motion to stay the replevin action pending the outcome of his first appeal. Finding no error, we affirm in both cases.

## FACTS AND PROCEDURAL HISTORY

¶2.     On August 4, 2015, Wilson was appointed police chief for the City of Greenville. He was reappointed in January 2016, January 2018, and February 2020. His last appointment—in February 2020—was for a two-year term. On the first and third Tuesday of each month, regular board meetings were held for general city business. During a January 5, 2021 city council meeting, Wilson informed the mayor and the City Council (collectively "the City") that he was "considering resigning." According to Wilson's statement, he did not resign or submit a letter of resignation. However, the City interpreted Wilson as though he had given an oral resignation. The City voted unanimously to accept it and begin the transition to a different police chief.

¶3.     Shortly after the January 5 meeting, Wilson and other city officials met to discuss transition plans. However, on January 15, 2021, Wilson retained Attorney Renetha Frieson

2

to represent him. During the next city council meeting, held on January 19, 2021, Wilson attended and informed the City that he was not resigning. The City treated Wilson's announcement as a request to reconsider the City's January 5 order accepting his resignation. The City denied Wilson's request and set January 31, 2021, as the effective date of the end of Wilson's employment. According to Wilson, at no point during the January 19 meeting did the City inform him that it had entered a January 5, 2021 order accepting what it interpreted to be his resignation.

¶4.     On February 4, 2021, in the Washington County Circuit Court, Wilson filed a motion for a temporary restraining order and a motion for a preliminary injunction seeking to enjoin the City from enforcing its January 5, 2021 order accepting his alleged resignation and its January 19, 2021 order purporting to accept his "notice" of resignation.[1] The matter was set for a trial on February 9, 2021, and after hearing argument from the City regarding the original January 5 minutes, the circuit court recessed with the City representing that it would produce the original signed and certified copy of the January 5 minutes containing the purported order. However, the City was unable to produce the requested document. The trial resumed on February 10, 2021, but before further argument, the circuit court ruled that it did not have jurisdiction to hear the case because Wilson had not filed a timely notice of appeal.

¶5.     On February 12, 2021, the court entered an order dismissing the case for lack of jurisdiction. Wilson filed a motion for reconsideration or to alter or amend the judgment. On

---

[1] During a February 2, 2021 meeting, the City revised the January 5 order's language so that it no longer referred to Wilson's "letter of resignation." The revised order indicated that the City had "accept[ed] notice" of Wilson's resignation.

March 16, 2021, the court entered an order denying Wilson's post-trial motion. Wilson appealed.

¶6.    Three days after Wilson appealed from the court's order of dismissal, the City filed a replevin action in the circuit court to recover the City's property in Wilson's possession. Wilson responded with a counterclaim and a motion to dismiss the replevin action. Wilson's counterclaim and motion to dismiss were both premised on his assertion that the City had no authority to enforce a resignation he had not offered. Shortly after, Wilson filed a motion to stay the replevin proceedings pending the outcome of his pending appeal. The circuit court granted the City's replevin action and denied Wilson's counterclaim and motions. Wilson appealed, and the Mississippi Supreme Court, on Wilson's motion, consolidated the two appeals before assigning them to this Court.

## STANDARD OF REVIEW

¶7.    "When the appellate court reviews a decision by a circuit court concerning an agency action, it applies the same standard of review that the lower courts are bound to follow." *Carroll v. City of Canton*, 296 So. 3d 751, 756-57 (¶16) (Miss. Ct. App. 2020) (quoting *Miss. Sierra Club Inc. v. Miss. Dep't of Env't Quality*, 819 So. 2d 515, 519 (¶15) (Miss. 2002)). "Decisions by the governing authorities of a municipality are subject to limited review and will be overturned only if the decision (1) was beyond its scope or power; (2) violated the constitutional or statutory rights of the aggrieved party; (3) was not supported by substantial evidence; or (4) was arbitrary or capricious." *Id.* at 757 (¶16) (quoting *Jones v. City of Canton*, 278 So. 3d 1129, 1131 (¶7) (Miss. 2019)). Questions of law, including matters of

4

jurisdiction, are reviewed de novo." *Id.* (citing *City of Jackson v. Allen*, 242 So. 3d 8, 13 (¶17) (Miss. 2019), *superseded by statute on other grounds as noted in Am. Tower Asset Sub LLC v. Marshal County*, 324 So. 3d 300, 302-03 (¶¶11-12) (Miss. 2021)).

**DISCUSSION**

### I.  Whether the circuit court erred by dismissing Wilson's case for lack of jurisdiction.

¶8.    Wilson claims that the circuit court erred in finding that it lacked jurisdiction because he failed to timely challenge his removal by the city council. However, Wilson admits that his claim may be considered moot, because his last two-year appointment expired on February 20, 2022. Nevertheless, he urges this Court to consider his claim due to the impact that it may have on future cases. "We recognize the importance of this issue and the impact it may have in the future, regardless of the fact that it is now moot for these parties. Accordingly, we [will] address the merits of [Wilson's claim]." *Parker v. Parker*, 980 So. 2d 323, 326 (¶7) (Miss. Ct. App. 2008).

¶9.    Mississippi Code Annotated section 11-51-75 (Rev. 2019) governs appeals from decisions by municipal authorities. *See Am. Tower*, 324 So. 3d at 302-03 (¶12) ("[A]n aggrieved party may appeal a decision of the board of supervisors by filing a notice of appeal."). Section 11-51-75 provides in relevant part:

> Any person aggrieved by a judgment or decision of the board of supervisors of a county, or the governing authority of a municipality, may appeal the judgment or decision to the circuit court of the county in which the board of supervisors is the governing body or in which the municipality is located. A written notice of appeal to the circuit court must be filed with the circuit clerk within ten (10) days from the date at which session of the board of supervisors or the governing authority of the municipality rendered the judgment or

decision. Upon filing, a copy of the notice of appeal must be delivered to the president of the board of supervisors or to the mayor or city clerk of the municipality and, if applicable, to any party who was a petitioner before the board of supervisors or the governing authority of the municipality.

Miss. Code Ann. § 11-51-75.

¶10. In regard to the ten-day deadline set in section 11-51-75, our supreme court has stated:

The ten-day statutory limit in which to appeal a decision rendered by municipal authorities is both mandatory and jurisdictional. Thence, when an appeal of a decision rendered by municipal authorities is not perfected within the statutory time constraint of ten days, no jurisdiction is conferred upon the appellate court, i.e., the circuit court.

*Bailey*, 322 So. 3d at 482 (¶12) (quoting *City of Jackson v. Jordan*, 202 So. 3d 199, 203 (¶9) (Miss. 2016)).

¶11. The City rendered its order on January 5, 2021, and reaffirmed its order on January 19, 2021. Wilson filed a motion for a preliminary injunction and a motion for a temporary restraining order on February 4, 2021. He missed the ten-day deadline to challenge the City's January 5 and January 19 orders. The circuit court reasoned that it lacked jurisdiction and dismissed Wilson's motions.

¶12. Wilson asserts that he was unable to timely appeal the City's orders because he had no notice or knowledge of the hearings and the resulting orders. He thus concludes that an appeal contemplated by section 11-51-75 was not his exclusive remedy. He argues that the circuit court was required to hear the matter de novo. In response, the City contends that Wilson had ample notice, an opportunity to participate during the meetings, and knowledge of the results of the proceedings, so he was able to comply with the ten-day deadline in section of 11-51-75.

6

¶13. Before addressing Wilson's inadequate-notice argument, we first note that Wilson only sought to prevent the City from dismissing him from office. In *Bailey v. Jefferson County Board of Supervisors*, 622 So. 3d 479, 482 (¶14) (Miss. Ct. App. 2021), the appellant asserted that he did not receive notice of the proceedings; therefore, he could not meet the deadline in section 11-51-75. There was only one letter sent requesting the appellant's presence, which was sent approximately eighteen months before the board ultimately removed appellant from office. *Id*. This Court found that the notice was insufficient. *Id*. The appellant acknowledged that he could not be restored to his position; however, he requested damages. *Id*. at (¶15). We instructed the circuit court, on remand, to determine whether the appellant had preserved any claim for relief or damages. *Id* at 483 (¶15). We also expressed no opinion regarding whether the appellant had any legal right to recover damages or whether his claim was viable. *Id*.

¶14. Unlike *Bailey*, Wilson only asked that the City be enjoined from removing him from his position. He did not request any other relief. Therefore, whether a claim for damages would have survived is not before us.

¶15. Wilson concedes in his brief that there is no statutory requirement that the City provide him with prior notice and a hearing. However, our supreme court has stated:

> It is true that no statute explicitly requires notice of a hearing to reconsider a prior decision of a board of supervisors. But this Court has held that
>
>> even in the absence of a statutory provision therefor, notice and hearing may often be necessary to comply with the constitutional requirement of due process; but the necessity must depend somewhat on the nature of the right affected by the action, the nature of the power exercised, the existence of

7

> factors other than the requisite of a hearing which operate to safeguard the rights of individuals and to prevent arbitrary action on the part of officials, and the urgency of public need requiring prompt action without the delay necessitated by notice and hearing.

*Tippah County v. LeRose*, 283 So. 3d 149, 151 (¶8) (Miss. 2019) (quoting *Oliphant v. Carthage Bank*, 223 Miss. 386, 411, 80 So. 2d 63, 73 (1955)). The Mississippi Supreme Court further observed that "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. Due process therefore requires that a defendant be given adequate notice." *Id.* (internal quotation marks omitted).

¶16. While it is disputed whether Wilson resigned at the January 5 meeting or the January 19 meeting, the actual question is whether Wilson had sufficient notice of the proceedings. Several witnesses testified that board meetings were held every first and third Tuesday of every month. Wilson testified that he attended both the January 5 and January 19 meetings, and during each meeting he addressed the City regarding his resignation. He also testified that immediately before the January 5 meeting, the mayor informed him that the City was ready to remove him by a 4-2 vote. While Wilson maintains that he informed the City that he would "consider resigning," several witnesses testified that Wilson tendered an oral resignation at the January 5 meeting. After the January 5 meeting, Wilson and other city officials met to discuss plans to transition to a new police chief. On January 15, 2021, Wilson hired Attorney Frieson to represent him. At the January 19 city council meeting, Wilson appeared, presented his argument to the City, and notified the City that he did not want to resign. The City then went into executive session, voted unanimously to enforce Wilson's

resignation, and set an effective termination date of January 31, 2021.

¶17.    The record supports the finding that Wilson had notice of the City's actions and was provided an opportunity to be heard at a meaningful time and in a meaningful manner. Contrary to Wilson's assertions, Wilson hired legal counsel shortly after the City's January 5 meeting, and he appeared before the City at its next meeting to challenge its order. *See Misskelley v. Carroll County*, 47 So. 3d 210, 216 (¶18) (Miss. Ct. App. 2010) (finding the appellant was aware of the municipality's decision because he appeared before the board and challenged the decision).

¶18.    Wilson did not appeal the January 5, 2021 order by January 15, 2021 as required under section 11-51-75. The City upheld its January 5 order to accept Wilson's resignation on January 19, 2021. Again, Wilson failed to appeal by January 29, 2021. As previously mentioned, a notice of appeal must be filed in the circuit court within ten days of the city's decision.  Miss. Code Ann. § 11-51-75.

¶19.    As stated above, the statute permitting an appeal from a municipality within ten days is "both mandatory and jurisdictional." *Newell*, 731 So. 2d at 582 (¶10). "Only under very limited circumstances could the circuit court undertake a de novo review; if no hearing was held before the board, the action does not really proceed under section 11-51-75 at all, and a trial de novo is proper." *Bd. of Supervisors of Jackson Cnty. v. Qualite Sports Lighting LLC*, 337 So. 3d 1040, 1044 (¶16) (Miss. 2022) (internal quotation marks omitted). Further, even if parties are allowed to proceed de novo, our supreme court has stated that proceeding de novo does not relieve a party "from complying with the procedural prerequisites to appeal

9

under the statute." *Newell*, 731 So. 2d at 582 (¶12). At the January 5 and January 19 meetings, Wilson appeared before the City and presented his case. We conclude that Wilson had notice and an opportunity to be heard; therefore, section 11-51-75 was the exclusive remedy in this case. Wilson obviously had the requisite notice of the City's order after the January 19 meeting and did not file his appeal within ten days thereafter. Because Wilson failed to comply with section 11-51-75, we agree with the circuit court's judgment that it lacked jurisdiction.

## II. Whether "unlawful" action by a city council relieves the duty to comply with section 11-51-75.

¶20.    Next, Wilson raises two issues for consideration on appeal: (1) whether section 11-51-75 applies when the governmental authority has no legal authority to enter an order, and (2) whether the City's order accepting Wilson's resignation was void in the absence of a valid, legally recognized resignation. We will address these arguments collectively. Wilson essentially argues that the City's actions were unlawful and that the procedural requirements of section 11-51-75 did not apply.[2]

¶21.    Our supreme court has "squarely rejected the argument that a mere allegation of unlawful action by a board operates to suspend the requirements of section 11-51-75." *Williams v. City of Belzoni*, 229 So. 3d 171, 175 (¶11) (Miss. Ct. App. 2017) (citing *Newell*, 731 So. 2d at 582 (¶¶10-11)). In *Newell*, residents filed a complaint for a declaratory

---

[2] In his brief, Wilson mentions several attorney general opinions that allegedly serve as good policy for local governments, but we decline to follow them. *See McGhee v. Johnson*, 868 So. 2d 1051, 1053 (¶7) (Miss. Ct. App. 2004) ("An attorney general's opinion is entitled to careful consideration and regarded as persuasive; however, the opinion is not binding upon the court considering the same question of law.").

10

judgment challenging a contract entered into by a board of supervisors. *Newell*, 731 So. 2d at 582 (¶10). Since the board failed to comply with statutory prerequisites, the residents argued that section 11-51-75 did not apply. *Id*. at 580-82 (¶¶4, 11). The Mississippi Supreme Court held that section 11-51-75 applied because "the board acted, and its action was final, thereby triggering the statute's mandatory ten-day time limit." *Id*. at 582 (¶11).

¶22.    In *Williams*, a board of aldermen voted not to renew a city employee's employment. *Williams*, 229 So. 3d at 173 (¶1). The employee failed to appeal the board's decision pursuant to section 11-51-75. *Id*. Instead, the employee initiated an independent lawsuit over a year later against the city and an alderman, arguing defamation and "wrongful termination." *Id*. at 174 (¶7). The circuit court dismissed the action, finding that it lacked jurisdiction. *Id*. The employee appealed and claimed that he was wrongfully terminated because the alderman was not qualified, the city failed to follow rules and regulations, and that his termination was based on unsubstantiated allegations. *Id*. at (¶9). Relying on *Newell*, this Court held that "if [the employee] believed that the board's action was unlawful, he was required to appeal its decision within ten days." *Id*. at 175 (¶11). The employee also argued that ten-day time limit in section 11-51-75 did not apply because "there was no final action or decision from which he could have appealed." *Id*. at (¶12). He claimed that a vote conducted with an unqualified alderman was not "final." *Id*. We found the argument lacked any merit. *Id*. Since the board's action was final on its face, the employee was required to comply with section 11-51-75 if he wanted to challenge the board's action. *Id*.

¶23.    As in *Newell* and *Williams*, if Wilson believed that the City's actions were unlawful,

11

he was required to appeal its decision under section 11-51-75. Since he failed to do so, Wilson's claims were properly dismissed.

> **III. Whether the circuit court erred by declining to accept jurisdiction of Wilson's counterclaim filed in response to the City's complaint for replevin.**

¶24. On April 1, 2021, the City filed an action for replevin seeking certain equipment issued to Wilson as the police chief. Wilson filed a counterclaim and a motion to dismiss arguing that the City had failed to state a claim upon which relief could be granted since the City had no authority to enforce a resignation that he had not offered. He further argued that the City was not entitled to recover the police department's property based on this nonexistent resignation. On May 1, 2021, Wilson filed a motion to stay the replevin proceedings on a basis that the pending appeal directly affected the outcome of the replevin action and his counterclaim. Wilson argues that the circuit court erred by denying his compulsory counterclaim, motion to dismiss, and motion to stay the proceedings pending appeal.

¶25. "Before the adoption of the Mississippi Rules of Civil Procedure (effective January 1, 1982), the Mississippi Supreme Court held that 'after a careful consideration of the office of replevin, we have reached the conclusion that the Laws of 1975, ch. 508, do not permit a defendant to file a counterclaim or recoupment except for specific statutory damages.'" *Ross v. State*, 227 So. 3d 406, 409 (¶7) (Miss. Ct. App. 2017) (quoting *Gen. Motors Acceptance Corp. v. Fairley*, 359 So. 2d 1386, 1388 (Miss. 1978)). "A replevin is a possessory action for specific property and not a suit for monetary damages." *Id*.

¶26. However, Mississippi Rule of Civil Procedure 13(a)-(b) allows the court to consider compulsory and permissive counterclaims:

(a) Compulsory Counter-claims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction. But the pleader need not state the claim if:

(1) at the time the action was commenced the claim was the subject of another pending action; or

(2) the opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13 . . . .

(b) Permissive Counter-Claims. A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.

¶27. Wilson argues that the circuit court erred by finding that his counterclaim was not compulsory. According to Wilson, the only ground on which the City claimed it was entitled to replevin of the property was that Wilson resigned. He further argues that both parties were properly before the circuit court and that it had acquired both subject matter and personal jurisdiction over all parties involved.

¶28. The circuit court held a hearing on May 10, 2021, to determine whether Wilson's counterclaim was viable, and the circuit court found there was no compulsory counterclaim. Specifically, the circuit court stated:

The sole issue before this [c]ourt was whether Wilson was wrongfully in possession of city owned property. The [c]ourt found that the issue of whether Wilson was still the Chief of Police, whether he had resigned, or whether the

13

city council had acted lawfully in accepting his alleged resignation were separate issues that were not properly before this [c]ourt. As such this [c]ourt found that the determination of whether the city council's order was lawful was not a compulsory counterclaim and was not grounds upon which to grant a stay.

We agree. Whether Wilson resigned was a matter already pending on appeal and had no bearing on the merits of the replevin action.

¶29.    "Replevin is a possessory action for personal property governed by statute." *Magee v. Covington Cnty. Bank*, 119 So. 3d 1053, 1056 (¶13) (Miss. Ct. App. 2012). "Mississippi's replevin statute gives would-be possessors two procedural options." *Cooley v. JM Smith Corp.*, 205 So. 3d 1167, 1170 (¶11) (Miss. Ct. App. 2016) (quoting *Lacoste v. Sys. & Servs. Techs. Inc.*, 126 So. 3d 111, 112 (¶1) (Miss. Ct. App. 2013)); *see also* Miss. Code Ann. § 11-37-131 (Rev. 2019).

¶30.    The City sought, under section 11-37-131, a replevin against Wilson for the return of property issued to Wilson when he was police chief.[3] As required by statute, the City and

---

[3] Section 11-37-131 provides:

If any person, his agent or attorney, shall desire to institute an action of replevin without the necessity of posting bond, and without requesting the immediate seizure of the property in question, he shall file a declaration under oath setting forth those matters shown in subparagraphs (a) through (e) of Section 11-37-101 and shall present such pleadings to . . . a judge of the circuit court, . . . and such judge shall issue a fiat directing the clerk of such court, or a deputy clerk, to issue a summons to the defendant, to appear before a court or judge having jurisdiction, as determined by the value of the property as alleged in the declaration, and as outlined in Section 11-37-101, with said process being returnable in termtime or in vacation, upon at least five (5) days' notice, summoning the defendant to appear for a final hearing to determine the rights of the parties as to possession, and upon such final hearing the court shall enter judgment accordingly.

Wilson appeared before the circuit court for a hearing to determine the possessory rights of the parties regarding the property in question. *See Lacoste*, 126 So. 3d at 114 (¶14) (quoting Miss. Code Ann. § 11-37-131) ("[W]hen an action is commenced under section 11-37-131, instead of a writ, the court issues a summons. This summons directs the defendant 'to appear for a final hearing to determine the rights of the parties as to possession.'").

¶31.	Wilson claims that the circuit court ruled on the replevin action without hearing testimony or evidence. The record reflects otherwise. Wilson testified that other than his "duty belt," every item of property requested by the City was in his possession and belonged to the City. Wilson also testified that he had not acted in the capacity of chief of police since January 31, 2021.

¶32.	After hearing testimony from both parties, the circuit court found:

> Based on witnesses' testimony, including the defendant's own admissions, this [c]ourt finds that: (1) the property listed in Exhibit "1" belongs to the City of Greenville; (2) Wilson has no possessory interest in said property; (3) the City of Greenville has demanded that said property be returned; and (4) Wilson has wrongfully failed to return said property[.]

The court then granted the City's request for an order of replevin and ordered Wilson to immediately return all items listed in the equipment list admitted into evidence. Our supreme court has stated, "Replevin is a possessory action only, the gist of which is the right of possession in the plaintiff." *Ferris v. Hawkins*, 418 So. 2d 811, 814 (Miss. 1982) (quoting *Deposit Guar. Nat'l Bank v. Ellzey*, 222 So. 2d 680, 682 (Miss. 1969)). His counterclaim fell outside the limited purview of the replevin statute. We decline to apply the procedural rules on compulsory counterclaims to the statutory provision of replevin in this case. *See* M.R.C.P.

13(a)(1). The circuit court correctly held that it would be improper to entertain the counterclaim. *Id*. After reviewing the record and relevant caselaw, we find no error in the circuit court's judgment. The record reflects that substantial credible evidence supported the circuit court's order. As a result, we find that Wilson's assignments of error fail.

### IV. The Attorneys' Motions for Sanctions on Appeal

¶33. Wilson's attorney and the City's attorney have each moved on appeal to sanction one another. Frieson moved to sanction the City's attorney, Willie Griffin, the day after he filed the City's responsive brief. According to Frieson, Griffin lied in his October 25, 2021 motion for a extension of time to file the City's brief. Frieson also claims that the City's brief is intentionally misleading regarding the end of Wilson's prior two-year appointment. Frieson asks for sanctions against Griffin and unspecified attorney's fees. She also suggests that the City's brief should be struck. The Mississippi Supreme Court passed Frieson's allegations for consideration with the merits of the appeal.

¶34. Approximately two weeks after Frieson submitted Wilson's reply brief, Griffin filed a motion to strike it and Frieson's motion for sanctions. Griffin also requested sanctions against Frieson. After countering the asserted bases for Frieson's request for sanctions, Griffin reciprocates by alleging that Frieson should be sanctioned because of the assertion in Wilson's reply brief that two of the City's witnesses had committed perjury. Griffin notes that neither witness had ever been charged with perjury, and the circuit court never made such findings.

¶35. On January 5, 2022, the Supreme Court assigned the consolidated appeals to this

16

Court. We later entered an order passing Griffin's motion for sanctions with the merits of the appeal. After due consideration, neither motion is well taken. It was not improper for Griffin to request a briefing extension. Even if he were somewhat familiar with the underlying background of the first appeal due to his participation in Wilson's corollary Equal Employment Opportunity Commission claim, Griffin did not enter his appearance until October 25, 2021. It was not unreasonable to request additional time to study the record and the arguments in Wilson's opening brief. Similarly, it was not improper for him to claim that Wilson's first appeal had become moot because his last term of employment would expire during early 2022. And while Frieson certainly could have challenged the credibility of the two witnesses for the City without describing inconsistent statements as perjury, we do not find that her phrasing is sanctionable conduct in this instance. For brevity's sake, it is enough to say that none of the allegations in the two motions rise to the level of sanctionable conduct under the precise circumstances of this case. We further find that none of the filings in this case should be struck. After due consideration of all the claims listed in Frieson's and Griffin's motions, both motions are denied.

## CONCLUSION

¶36.    The circuit court did not err in finding that it lacked jurisdiction over Wilson's untimely appeal of the City's order. Additionally, there is substantial credible evidence to support the circuit court's finding that the City established its claim for replevin. The circuit court did not err when it denied Wilson's counterclaim and motions. Therefore, we affirm the circuit court's judgments. Frieson's and Griffin's motions for sanctions and other relief

17

are both denied.

¶37.    **AFFIRMED.**

    **BARNES, C.J., CARLTON, P.J., McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.  WILSON, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.  WESTBROOKS, J., NOT PARTICIPATING.**